**Bill Gene PATTERSON, Appellant (Defendant below),**

v.

**Susan MAHER, by her next friend, Donald Maher, Appellee (Plaintiff below).**

No. 3722.

Supreme Court of Wyoming.

March 3, 1969.

Alfred M. Pence, of Pence & Millett, Laramie, for appellant.

Harry E. Leimback, Casper, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice PARKER delivered the opinion of the court.

Susan Maher, a minor, through next friend, sued Bill Gene Patterson, also a minor, for some $64,000, general and special

damages growing out of personal injuries sustained in a one-car accident occurring while she was a gratuitous guest of defendant at about 10 p. m., August 28, 1966, just east of Casper, Wyoming. Plaintiff at the time of the accident was sixteen and defendant seventeen. The action involves § 31-233, W.S.1957, C.1967, which provides that there shall be no cause of action for damages by a person transported as a guest without payment against an operator "unless such accident shall have been caused by the gross negligence or wilful and wanton mis-conduct [sic] of the owner or operator of such motor vehicle and * * * contributed to the injury * * *." The defendant denied the charge and alleged the affirmative defenses of contributory negligence and assumption of risk. After some contention in the trial court by defendant that plaintiff had not served demand in writing for jury trial as provided by the Wyoming Rules of Civil Procedure, the court permitted the jury, which upon the trial found generally for plaintiff and fixed the damages at $8,760. From a judgment thereon, this appeal was taken.

The facts concerning the occurrences immediately preceding the accident are in general not in dispute. On the evening of August 28, 1966, Patterson and his steady date, Barbara House, attended a church service in Casper, where plaintiff was also in attendance. After the services Patterson and Miss House invited plaintiff to accompany them to a nearby root-beer stand for a soft drink, which invitation plaintiff accepted. After partaking of the refreshments, the parties, shortly before ten o'clock, proceeded homeward with the intention of taking plaintiff home first by way of East Second Street. At a point extending eastward from the city limits, the defendant lost control of the car on a curve; it left the road and turned three-fourths over, injuring the plaintiff. At the time of the accident, the defendant was driving, Miss House was seated next to him, and the plaintiff on her right—all three in the front seat. The weather was good and the road dry.

The first of the several grounds of error charged by defendant challenges the court's overruling of his motion to strike the case from the jury docket when plaintiff had waived a right to jury trial by failure to comply with Rule 38, W.R.C.P., she having not, within ten days after service of the last pleading directed to an issue, served upon the defendant in writing a demand for jury trial. Defendant's counsel in explanation of the seriousness of the ruling says he would never have tried the case before a jury in Natrona County had he been apprised of the demand for jury, but because of the failure to serve notice did not learn of the demand until the pretrial conference and was then barred by the provisions of § 1-56, W.S.1957, from requesting a change of venue.

After the parties had presented written memoranda concerning plaintiff's alleged waiver of trial by jury, the court wrote counsel as follows:

"I have considered briefs of both counsel on the question of jury and have concluded that this should be a jury trial. I decide this not on the basis of Rule 39 but on the basis that, at least for purposes of this motion, plaintiff has completed the critical act for service: R.C.P. 5(b) 'by leaving it with the clerk of the court' * * *,"

and shortly thereafter entered an order denying the motion.

The portions of the rules which we consider germane to this aspect are:

Rule 38(b) (1): "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party."

Rule 38(d): "The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by

jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

Rule 5(b): "Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon the party shall be made by delivering a copy to him or by mailing it to him at his last known address, or by leaving it with the clerk of the court. Copies deposited with the clerk shall be promptly mailed or delivered by him to the attorney of the party entitled thereto, or to the party if he has no attorney of record. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof; or leaving it in a conspicuous place therein, or, if the office is closed or the person to be served has no office, leaving it at his dwelling house or usual place of abode with some member of the family over the age of fourteen years then residing therein. Service by mail is complete upon mailing."

Rule 5(d): "All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter."

Defendant points out that plaintiff's demand for jury was filed with the clerk of court in an original and duplicate on the same day as the complaint and issuance of summons, in neither of which was there reference made to the demand, with the demand itself containing no reference to service and indeed an original and copy of the demand still being in the record. Defendant argues that the demand for jury, thus unserved, was ineffective and that thereby the right to jury was waived under Rule 38 and especially subdivision (d) of

that rule. Plaintiff contended in the trial court, as she does here, that the requirements had been met since Rule 5(b) provides that service may be made upon the attorney or party by "leaving it [copy] with the clerk of the court," which was done. Her interpretation was adopted by the trial court in denying the motion to strike.

It will be observed that Rule 5(b) departs somewhat from its Federal counterpart, which authorizes service by leaving a copy with the clerk only "if no address is known." Additionally, our rule is unique in requiring that copies deposited with the clerk shall be promptly mailed or delivered by him to the attorney of the party entitled thereto, or to the party if he has no attorney of record. In view of this difference from the Federal rule, the explanatory note following Rule 5 in the first edition of the Wyoming Rules of Civil Procedure [1] becomes of some importance: "5(b) is the Federal Rule, modified by permitting service upon the clerk in all cases, directing the clerk to mail copies deposited with him * * *." It seems clear from this notation that any liberality in service permitted by this subdivision was effected intentionally, and we are inclined to the view that service required by the rules can be made under this subdivision by delivery of the requisite copy to the clerk for service, but the *filing* of such a paper does not, without more, effect service.

In the instant case an affidavit of plaintiff's counsel before the trial court alleged that the jury demand was filed but made no statement that it was left with the clerk for the purpose of service. In fact affiant impliedly stated to the contrary, "if the jury demand has not been served on the defendant * * * the failure of service is a result of inadvertence and mistake. * * * this affiant thought that the jury demand was attached to pleadings to be served by the Sheriff and has no reason to believe otherwise except from the oral statement of defendant's counsel to the effect that he had not received such

1. 11 Wyo.L.J. (Aug. 1957 Special Supp.) 20.

a statement from his client nor does his file reflect a copy of any jury demand."

Plaintiff's thesis that the mere filing of a jury demand with the clerk constituted service upon an opposing party under Rule 5(b) goes beyond the wording of the rule and is contrary to the provisions of Rule 38(d) that the failure "to serve a demand" constitutes a waiver. The Federal courts have long made clear their position, e. g., in McNabb v. Kansas City Life Ins. Co., 8 Cir., 139 F.2d 591, 595, the court called attention to the specific provision in Rule 38(d), and said, "Failure to serve such a demand is a legal waiver, whether it is inadvertent or intentional." This court has heretofore stated its thinking regarding the necessity of such service, having held in a proceeding for writ of prohibition that the failure to serve demand for jury precluded jury trial. State ex rel. Frederick v. District Court of Fifth Judicial District in and for County of Big Horn, Wyo., 399 P.2d 583, 586, 12 A.L.R.3d 1.

In her argument to the trial court, plaintiff asked that if it should be determined there had been no personal service of the jury demand under the provisions of Rule 5(b) she might be allowed a jury under the provisions of Rule 39(b), which permits the court in its discretion upon motion to order a trial by jury notwithstanding the failure of a party to demand the jury. However, plaintiff's request for action under Rule 39(b) was specifically rejected by the trial court's letter, such circumstance nullifying plaintiff's present argument that the question of a right to jury is now moot because the court was permitted in its discretion to order a trial by jury under that subdivision.[2]

From what we have said, it follows that there was a failure of service of jury demand by the plaintiff with a resulting waiver of her right to trial by jury, and it was error not to strike the demand for jury from the files. In view of our holding, the cause must be remanded, and it becomes unnecessary to resolve the other charges of error raised in the appeal.

The judgment is reversed and the cause demanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.

McINTYRE, Justice (dissenting).

When our rules of civil procedure were adopted, members of the permanent rules committee made it clear they intended to provide in Rule 5(b) that service could be made upon a party by delivering a copy of the instrument served to such party, by mailing it to him, *or by leaving it with the clerk of the court.*

Although the rule provided that the clerk should promptly mail or deliver to the party entitled thereto copies deposited with him, no responsibility was placed upon the party making service to see that the clerk's duty was performed.

It seems to me the committee's intent in this regard was made clear in its explanatory note following Rule 5. This note is referred to in the majority opinion. The note states 5(b) is the Federal Rule *modified* by permitting service *upon* the clerk

---

2. It is of more than passing interest to observe that Federal courts have been extremely reluctant to use their discretionary power under Rule 39(b), often pointing out that discretion should be exercised only under an extraordinary showing. Ligouri v. New York, New Haven and Hartford Railroad Company, D.Conn., 26 F.R.D. 565, 566–568; McLaughlin v. Blidberg Rothchild Company, S.D.N.Y., 163 F.Supp. 33, 36. Although they have received criticism for their failure to grant relief, such criticism is rooted in the fact that nothing more than expedient judicial administration is involved. 47 Iowa L.R. 759, 764. In view of the provisions of § 1–56 in this jurisdiction, which requires a motion for a change of venue to be filed within twenty days after a cause shall be at issue, it cannot be said that a reluctance to act under Rule 39(b) is merely a matter of judicial convenience.

in all cases, *directing* the clerk to mail copies deposited with him.

By permitting service "upon" the clerk, the rule has the effect of making the clerk agent for the party being served rather than agent for the party making service.

The question is not so much whether plaintiff properly demanded a trial by jury as it is whether plaintiff *waived* a jury trial. Rule 38(a) provides issues of fact arising in actions for the recovery of money only shall be tried by a jury "unless a jury trial [shall] be waived."

When plaintiff served her demand for jury trial by serving it "upon" the clerk as permitted by rule, and when she deposited the required jury fee, it hardly makes sense to say she had *waived* the fundamental right of jury trial.

However, even assuming there may be doubt as to whether plaintiff did all due process would require to preserve her right to jury trial and to prevent a waiver of such right, we ought not say there was reversible error in trying the case to a jury. As set out in the majority opinion, Rule 39(b), W.R.C.P., provides notwithstanding the failure of a party to demand a jury, "the court in its discretion upon motion may order a trial by a jury of any or all issues."

Here, a motion or request was made by plaintiff for the court to allow a jury trial under the discretion allowed in Rule 39(b). Appellant argues the court did not purport to act on this request, but that instead it found the demand properly made. As I see it, it matters not what the court's reason was. The important thing is that the necessary motion was made, and the court ordered a trial by jury.

The trial court obviously thought plaintiff had sufficiently complied with the express provisions of the rules and that plaintiff should not therefore be held to have *waived* a jury trial. That was reason enough for the court's decision to submit the case to a jury. And it would be unimportant what language the judge used in explaining the reason for his decision.

Even if a majority of our court may view the rules in a different light than did the trial court, we still should not question the trial court's action in allowing a trial by jury. Under Rule 39(b), it had the right to do so.

Appellant and the majority in our court take the position plaintiff's motion for the allowance of a trial by jury under Rule 39(b) was not acted upon. Therefore, when the case is remanded for further proceedings consistent with the views expressed in the majority opinion, it would seem to me the trial court's first action would be to act upon plaintiff's motion for trial by jury pursuant to Rule 39(b).

If the trial court still says trial should be to a jury, it would point up that defendant was not prejudiced in the first place. We have said the purpose of a *nunc pro tunc* order is to make the record speak the truth. Therefore, suppose the trial court should make it a matter of record that it intended, at the time it first ordered a jury trial, for the trial to be to a jury regardless of whether plaintiff complied strictly with the requirements for demanding a jury. Would that justify a reaffirmance of the original judgment without a new trial? If not, why not?

I do not agree that prejudicial error was committed in allowing a trial by jury.