Arthur M. ARMSTRONG,
Appellant (Plaintiff),

v.

Robert J. PICKETT, Appellee
(Defendant).

No. 93–91.

Supreme Court of Wyoming.

Nov. 30, 1993.

Rehearing Denied Jan. 12, 1994.

Arthur M. Armstrong, pro se.

Richard H. Honaker of Honaker, Hampton & Newman, Rock Springs, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

CARDINE, Justice.

Appellant, Arthur M. Armstrong (Armstrong), sued his former attorney, Robert J. Pickett (Pickett), to recover part of the fee he paid Pickett to defend him in a criminal action. The trial court awarded judgment to Pickett. Armstrong appeals, asserting he was improperly denied a jury trial, that the trial court improperly admitted certain documents, and that insufficient evidence was presented to support the judgment.

We affirm.

Armstrong presents three issues:

Did the district court abuse its discretion in not relieving appellant from waiver of jury trial under Rule 38 W.R.C.P.

Did the trial court abuse its discretion in allowing defendant to submit into evidence documents not supplied to plaintiff prior to trial in violation of the pretrial order.

Did appellant prove his case beyond a preponderance of the evidence.

As a preliminary matter, we note that the record transmitted to this court is devoid of the complaint, answer, trial transcript, and the district court's judgment. Thus, we rely on the briefs for the essential facts.

After being charged with first degree murder, Armstrong hired Pickett as legal counsel for his defense. Armstrong paid Pickett $20,000.00 for his services. Armstrong asserts that Pickett agreed to represent him all the way through an appeal to this court, while Pickett asserts that the agreement was that the fee paid for representation through the trial level.

Armstrong was convicted, and his appeal was handled by the Wyoming Public Defender. On May 8, 1992, Armstrong filed this suit seeking return of $10,000.00 of the retainer fee paid to Pickett. After a bench trial on November 12, 1992, the trial court entered judgment for Pickett because Armstrong had failed to prove the existence of a contract which required Pickett to prosecute the appeal. Armstrong appeals from that judgment.

## DISCUSSION

 Armstrong admits that he waived his right to a jury trial by failing to timely demand a jury as required by W.R.C.P. 38. He argues, however, that the district court should have invoked its discretionary authority provided by W.R.C.P. 39(b), to grant a jury trial. Rule 39(b) provides:

> (b) *By the court.*—Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, **the court in its discretion upon motion may order a trial by a jury of any or all issues.** [emphasis added]

Armstrong's sole argument for relief from his waiver of his right to a jury trial is that he is not "well versed or knowledgeable concerning legality's [sic] & niceties of judicial procedures." A trial court does not abuse its Rule 39(b) discretion when it refuses to relieve a party from its waiver of the right to a jury trial when the party's sole reason for urging the trial court to invoke its 39(b) discretion is "that he [Armstrong] was unfamiliar with the requirements" of Rule 38. *Matter of GP,* 679 P.2d 976, 985 (Wyo.1984). Pro se litigants are subject to the same procedural rules and standards as are attorneys. *Id.*

In his second and third arguments, Armstrong asserts that the trial court abused its discretion when it admitted certain exhibits which were not listed in Pickett's pretrial memorandum and that the trial court should have ruled in Armstrong's favor based on the evidence. As is the situation here, "where there is no transcript or an insufficient transcript, we accept the findings of the trial court as the only basis for deciding issues pertaining to the evidence." *Waggoner v. General Motors Corp.,* 771 P.2d 1195, 1198 (Wyo.1989). "In the absence of anything to refute them, we will sustain the findings of the trial court, and we assume that the evidence presented was sufficient to support those findings." *Osborn v. Pine Mountain Ranch,* 766 P.2d 1165, 1167 (Wyo.1989).

 In his brief, Armstrong points to two exhibits which were admitted but not listed on the pretrial memorandum. Neither of these exhibits are a part of the appellate record, which makes the search for prejudice difficult. In addition, without the trial transcript, we cannot discern whether Armstrong properly objected to the admission of the exhibits. As Armstrong recognizes, we review claims of error regarding compliance with pretrial orders for an abuse of discretion. *Oukrop v. Wasserburger,* 755 P.2d 233, 237–38 (Wyo.1988). Based on the record presented to us, we find no abuse of discretion by the trial court.

In addition, based on the findings of the trial court, there was sufficient evidence for the trial court to find that Armstrong failed to meet his burden of proving the existence of a contract requiring Pickett to prosecute Armstrong's appeal.

Finding no error, we affirm the trial court's judgment.