2007 WY 73

**FML, Appellant (Respondent),**

v.

**TW, Appellee (Petitioner).**

No. C–06–7.

Supreme Court of Wyoming.

May 3, 2007.

Representing Appellant: DaNece Day of Lubnau, Bailey & Dumbrill, PC, Gillette, Wyoming.

Representing Appellee: Thomas W. Harrington of Davis & Harrington, P.C., Worland, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1] Appellant, FML (hereafter Mother), seeks review of an order of the district court which granted TW's (Father's) Motion to Modify Custody. Father based his motion principally upon an assertion that Mother had actively and persistently interfered with his right of visitation with SMW (the parties' child, born January 1, 2005). The district court granted Father's motion. Mother contends that the district court erred in placing more weight on Mother's violations of the initial custody/visitation order than it did on other factors affecting the best interests of the child as set forth in Wyo. Stat. Ann. § 20-2-201(a) (LexisNexis 2005).[1] Mother also contends that the district court erred by failing to establish visitation that includes details necessary to promote understanding and compliance as required by Wyo. Stat. Ann. § 20-2-202(a) (LexisNexis 2005).[2] We

---

1. § 20-2-201. Disposition and maintenance of children in decree or order; access to records.

(a) In granting a divorce, separation or annulment of a marriage or upon the establishment of paternity pursuant to W.S. 14-2-401 through 14-2-907, the court may make by decree or order any disposition of the children that appears most expedient and in the best interests of the children. In determining the best interests of the child, the court shall consider, but is not limited to, the following factors:

(i) The quality of the relationship each child has with each parent;

(ii) The ability of each parent to provide adequate care for each child throughout each period of responsibility, including arranging for each child's care by others as needed;

(iii) The relative competency and fitness of each parent;

(iv) Each parent's willingness to accept all responsibilities of parenting, including a willingness to accept care for each child at specified times and to relinquish care to the other parent at specified times;

(v) How the parents and each child can best maintain and strengthen a relationship with each other;

(vi) How the parents and each child interact and communicate with each other and how such interaction and communication may be improved;

(vii) The ability and willingness of each parent to allow the other to provide care without intrusion, respect the other parent's rights and responsibilities, including the right to privacy;

(viii) Geographic distance between the parents' residences;

(ix) The current physical and mental ability of each parent to care for each child;

(x) Any other factors the court deems necessary and relevant. [Emphasis added.]

2. § 20-2-202. Visitation.

(a) The court may order visitation it deems in the best interests of each child and the court shall:

(i) Order visitation in enough detail to promote understanding and compliance;

(ii) Provide for the allocation of the costs of transporting each child for purposes of visitation;

(iii) Require either parent who plans to change their home city or state of residence, to

will affirm the trial court's order to the extent it modified custody, but remand for the purposes of clarifying the details on visitation as required by the governing statute and for a determination of child support to be paid by Mother, unless the district court has already done so. As a prefatory matter we will, on our own motion, address whether or not the order from which the appeal was taken is an appealable order as contemplated by W.R.A.P. 1.05.

## ISSUES

[¶ 2]   Mother raises these issues:

A.   Did the trial court commit reversible error by failing to establish visitation that includes details necessary to promote understanding and compliance as required by Wyo. Stat. Ann. § 20–2–202?

B.   Did the trial court abuse its discretion by placing more weight on the Mother's violation of the existing order than other factor's affecting the best interests of the child as set forth by Wyo. Stat. Ann. § 20–2–101(a)?

Father raises this issue:

1.   Is there sufficient evidence to affirm the district court's decision to award primary custody to Father?

## FACTS AND PROCEEDINGS

[¶ 3]   Based upon the record on appeal that was received by this Court, we are only able to provide a sketchy history of this case. This matter appears to have been initiated when the State of Wyoming, Department of Family Services, ex rel. SML, filed a Petition to Establish Support on February 28, 2005. As an adjunct of the proceeding, Father sought to establish a visitation schedule. An order entered on June 16, 2005, established the child's paternity in Father and established a detailed visitation schedule. The record on appeal indicates that both parents are fit parents.

[¶ 4]   On July 15, 2005, Father filed a Motion for Order to Show Cause asserting

that Mother refused to comply with the visitation schedule established by the district court. The district court entered such an order on July 25, 2005, and set it for hearing on August 11, 2005. After that hearing, ·Mother was ordered to allow Father additional compensatory visitation. On January 27, 2006, Father filed a Motion to Modify Custody and Motion for Order to Show Cause. Father again asserted that Mother had denied or interfered with his right of visitation and that Mother had moved to Kansas without notice to Father. This matter was set for hearing on April 20, 2006, and the hearing was held on that date. In a decision letter entered in the record on June 29, 2006, the district court made these general findings which were iterated in the appealable order: [3]

1.   That [Father], the father of [Child], and [Mother] were never married but that [Child] was born of that union.

2.   That the State ... attempted to establish child support and filed a Petition in District Court on February 28, 2005 and as a result of an Order signed by this Court on 16 June, 2005, [Father] was established as the natural father of [Child].

3.   That on the 15th day of July 2005, the father filed his Motion for Order to Show Cause to hold [Mother] in contempt for her failure to follow the necessary order concerning visitation.

4.   That this Court, after hearing, determined that ... [Mother] had frustrated the visitation schedule and ordered that [Father] was to have an additional 28 hours of visitation.

5.   That on January 27, 2006, [Father] filed his Motion to Modify Custody on the basis that [Mother] has repeatedly denied or interfered with his visitation to such a degree that it constituted a material change of circumstances.

6.   That ... [Mother] moved to Lawrence, Kansas, without notification to ...

---

**give written notice thirty (30) days prior to the move, both to the other parent and to the clerk of district court stating the date and destination of the move.** [Emphasis added.]

3.   Neither party asked for special findings as provided for by W.R .C.P. 52.

[Father] and only contacted [him] after she had been in Kansas for several months.

7. That ... [Mother] failed to provide any type of telephone or cell phone numbers or street address to Father so visitation could be arranged.

8. That ... [Mother] by failing to comply with and allow visitation as ordered by the Court has frustrated the visitation by ... [Father] in this matter which rises to the level of a material change of circumstances.

Therefore, this Court CONCLUDES:

1. That there has been a material change of circumstances sufficient to justify a change of custody of [Child] from [Mother] to [Father] and that this change of custody should take place within thirty (30) days of the order of this Court.

2. That Mother should have liberal visitation and that each party should submit their necessary financial affidavits to the Big Horn Basin Child support Authority for determination of payment of child support for the Mother to the Father.

## DISCUSSION

### Appealable Order

[¶ 5] Whether the order from which this appeal was taken was an appealable order became an issue which this Court determined was necessary to consider on its own motion. W.R.A.P. 1.05(a) provides:

**1.05. Appealable order defined.**

An appealable order is:

(a) An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment; or

(b) **An order affecting a substantial right made in a special proceeding;** or

(c) An order made upon a summary application in an action after judgment; or

(d) An order, including a conditional order, granting a new trial on the grounds stated in Rule 59(a)(4) and (5), Wyo. R. Civ. P .; if an appeal is taken from such an order, the judgment shall remain final and in effect for the purposes of appeal by another party; or

(e) Interlocutory orders and decrees of the district courts which:

(1) Grant, continue, or modify injunctions, or dissolve injunctions, or refuse to dissolve or modify injunctions; or

(2) Appoint receivers, or issue orders to wind up receiverships, or to take steps to accomplish the purposes thereof, such as directing sales or other disposition of property.

(See Rule 13 for additional guidance on review of interlocutory orders.) [Emphasis added.]

This rule was amended by order adopted on April 23, 1992, and at that time we commented that: "The number of this rule did not change, but the language was adjusted **significantly** to refine and clarify what an **appealable order** is, whether it be a final or interlocutory order [Emphasis added]." *See* comment to Rule 1.05 at 823–32 P.2d, Wyo. Rptr. LII (1992). We conclude that what was intended by the amendment of that rule was that we would no longer look at just whether an order was "final." Rather the limitation on our review would be directed to whether an order was "appealable" as defined by Rule 1.05. In this particular case we conclude that the instant order was made in a "special proceeding." *See In re WJH,* 2001 WY 54, ¶ 10, 24 P.3d 1147, 1151–52 (Wyo.2001), where we held:

In general terms, special proceedings are those which were not actions in law or suits in equity under common law and which may be commenced by motion or petition upon notice for the purpose of obtaining relief of a special or distinct type. *State in Interest of C.,* 638 P.2d 165, 168 (Wyo.1981). They result from a right conferred by law together with authorization of a special application to the courts to enforce the right. *Id.* This court has recognized that, even in cases involving delinquency, proceedings under the Juvenile Court Act could be in lieu of proceedings under the general criminal procedure. *Id.*

[¶ 6] Although some authorities set out the expanded meaning of "special proceeding" in great detail, perhaps the Supreme Court of Oklahoma put it most clearly and

succinctly in these terms: " 'Special proceedings' is a term used to distinguish litigation that is not governed by the general regime of pleadings.' . . . They are distinguished from other civil actions by the manner of pleading, practice and procedure prescribed by law." *Barber v. Barber*, 2003 OK 52, ¶ 6, 77 P.3d 576, 579 (Okla.2003); *also see* 39B Words and Phrases, "Special Proceeding" 416–447 (2006); 1A C.J.S. *Actions* § 115 (2005). We are satisfied that the instant case involves a special proceeding as contemplated by W.R.A.P. 1.05. The more rigorous limitation of Rule 1.05 is probably the requirement that the order affect a "substantial right." Here we need not tarry long because we have repeatedly held that, " '[t]he right to associate with one's immediate family is a fundamental liberty protected by the state and federal constitutions.' . . . Resolution of which parent shall have custody necessarily implicates the fundamental right of family association." *Loghry v. Loghry*, 920 P.2d 664, 667 (Wyo.1996).

[¶ 7] We conclude that the order from which this appeal was taken is an appealable order.

## Abuse of District Court's Discretion

[¶ 8] Modification of custody is governed by Wyo. Stat. Ann. § 20–2–204 (LexisNexis 2005), which provides in pertinent part:

> § 20–2–204. **Enforcement and modification.**
>
> . . . .
>
> (c) A court having jurisdiction may modify an order concerning the care, custody and visitation of the children if there is a showing by either parent of a material change in circumstances since the entry of the order in question and that the modification would be in the best interests of the children pursuant to W.S. 20–2–201(a). In any proceeding in which a parent seeks to modify an order concerning child custody or visitation, proof of repeated, unreasonable failure by the custodial parent to allow visitation to the other parent in violation of an order may be considered as evidence of a material change of circumstances.

In reviewing such a matter, our standard of review is well established:

> "The party seeking a modification of the custody provisions of a divorce decree has the burden of showing that a material and substantial change of circumstances has occurred, after the entry of the initial decree, and that modification is in the best interests of the children." *Clark v. Alexander*, 953 P.2d 145, 150 (Wyo.1998). This court will not interfere with the trial court's decision regarding modification of custody absent a procedural error or a clear abuse of discretion. *Id.* We recently clarified the definition of an abuse of discretion when we stated the core of our inquiry must reach "the question of reasonableness of the choice made by the trial court." *Vaughn v. State*, 962 P.2d 149, 151 (Wyo. 1998); see also *Pace v. Pace*, 2001 WY 43, ¶ 9, 22 P.3d 861, ¶ 9 (Wyo.2001). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Id.*

*TW v. BM*, 2006 WY 68, ¶ 9, 134 P.3d 1262, 1265 (Wyo.2006) (citing *Fergusson v. Fergusson*, 2002 WY 66, ¶ 9, 45 P.3d 641, 644 (Wyo. 2002)).

[¶ 9] Here, this Court does not have a properly authenticated transcript before it, and that circumstance restricts our review to those assertions of error not requiring inspection of the transcript. Because we have no transcript, or a substitute for a transcript, the regularity of the trial court's judgment is presumed. *TW*, ¶ 15, 134 P.3d at 1267.

[¶ 10] Mother filed her notice of appeal *pro se* on August 1, 2006. She was represented by counsel for briefing. This case was assigned to the expedited docket, so there was no argument to the Court. For the reasons set out above, we affirm the district court's decision to modify custody because, on the face of things, its findings are adequate and we perceive no abuse of discretion.

**Visitation Detail and Child Support**

[¶ 11]   The district court has not yet established a detailed visitation plan and, clearly, that is needed in this case. The trial court may well have had timely expansion of the visitation plan, as well as establishment of support, on its agenda when this appeal was perfected. Because these matters are yet to be completed, we remand this case to the district court to address those tasks to the extent it has not already done so.

## CONCLUSION

[¶ 12]   We affirm the district court's order modifying custody. This case is otherwise remanded to the district court for further proceedings consistent with this opinion.

VOIGT, C.J., files a dissenting opinion, with which GOLDEN, J., joins.

VOIGT, Chief Justice, dissents, in which GOLDEN, Justice, joins.

[¶ 13]   I respectfully dissent. Even if we assume that the process of petitioning the district court for modification of the custody, support, or visitation provisions of a prior decree or order is a "special proceeding" for purposes of the rule, I believe it takes W.R.A.P. 1.05 to unreasonable limits to declare that, in one modification proceeding, the losing party may appeal each decision, one at a time, if that is the way the court issues its orders (if child support and visitation also are fundamental rights). Beyond that, the court's order in the present case is, on its face, an interlocutory order that is not appealable because it specifically provides for further consideration of child support. This appeal should be dismissed because it is not an appeal from a final appealable order under the common sense meaning of W.R.A.P. 1.05.