2007 WY 203

**SEG, Appellant (Plaintiff),**

v.

**GDK, Appellee (Defendant).**

No. S-07-0075.

Supreme Court of Wyoming.

Dec. 18, 2007.

---

Representing Appellant: M. Jalie Meinecke and Alex H. Sitz III of Meinecke & Sitz, LLC, Cody, Wyoming. Argument by Ms. Meinecke.

Representing Appellee: Ethelyn Boak of Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1]  Mother, SEG, contests the district court's refusal to terminate the parental rights of Father, GDK, to the parties' minor child, KGK. We determine that the district court's order is not an appealable order under W.R.A.P. 1.05, and we therefore dismiss this appeal.

**ISSUE**

[¶ 2]  The dispositive issue in this case is whether the district court's Order on Termination of Parental Rights is an appealable order from which this Court has jurisdiction to entertain an appeal.

**FACTS**

[¶ 3]  Mother petitioned for termination of Father's parental rights to KGK on November 17, 2005. Mother's petition also requested back child support and future child support. Father responded to the petition, and counterclaimed for visitation. The district court held a hearing on the petition and counterclaim and issued an order, in which it concluded that Mother had failed to prove the statutory requirements for terminating Father's rights. The court also found that the parties had not presented adequate evidence regarding child support or visitation and suggested further hearings on those issues. Mother appealed.

**STANDARD OF REVIEW**

[¶ 4]  Under W.R.A.P. 1.04(a) this Court has jurisdiction to entertain an appeal from a judgment or from an appealable order. Whether a court has jurisdiction is a question of law to be reviewed *de novo*. *Steele v. Neeman*, 6 P.3d 649, 653 (Wyo. 2000).

## DISCUSSION

[¶ 5] W.R.A.P. 1.04(a) states "[a] judgment rendered, or appealable order made, by a district court may be: reversed, vacated, remanded, or modified by the supreme court for errors appearing on the record." W.R.A.P. 1.05 defines an appealable order as:

(a) An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment; or

(b) An order affecting a substantial right made in a special proceeding; or

(c) An order made upon a summary application in an action after judgment; or

(d) An order, including a conditional order, granting a new trial on the grounds stated in Rule 59(a)(4) and (5), Wyo. R. Civ. P.; if an appeal is taken from such an order, the judgment shall remain final and in effect for the purposes of appeal by another party; or

(e) Interlocutory orders and decrees of the district courts which:

(1) Grant, continue, or modify injunctions, or dissolve injunctions, or refuse to dissolve or modify injunctions; or

(2) Appoint receivers, or issue orders to wind up receiverships, or to take steps to accomplish the purposes thereof, such as directing sales or other disposition of property.

[¶ 6] W.R.A.P. 1.05(c), (d), and (e) are not implicated in any possible analysis of the district court's Order on Termination of Parental Rights. Therefore, in order to qualify as appealable, the order must affect a substantial right, and must either be issued in a special proceeding, or prevent a judgment in the case, under W.R.A.P. 1.05(a) or (b). The first question is dispositive.

[¶ 7] This order does not affect a substantial right. Father's parental rights and right to associate with his daughter (and thus, KGK's right to association with her father) were not altered in any way by this interlocutory order. No substantial right of any party was affected.[1] Therefore, the order was not an "appealable order" under W.R.A.P. 1.05.

[¶ 8] In addition, contrary to what Mother implies on appeal, the order cannot be considered a judgment. *Black's Law Dictionary* 858 (8th ed.2004) defines a judgment as "[a] court's final determination of the rights and obligations of the parties in a case". The order specified that issues remained to be resolved and invited the parties to request further hearings on those issues. In particular, the court found it necessary to leave the issues of child support and visitation unresolved because the parties had not presented sufficient evidence on those matters at the hearing on the petition to terminate. We cannot hear an appeal from an order that does not affect a substantial right, in a case where two of the three issues raised remain unaddressed by the court.[2]

## CONCLUSION

[¶ 9] The Order on Termination of Parental Rights in this case did not affect a substantial right and so was not an appealable order under W.R.A.P. 1.05. The order also was not a judgment under W.R.A.P. 1.04, as it did not resolve all the issues in the case. Therefore, this court has no jurisdiction to entertain an appeal from the order. We dismiss.

HILL, J., files a dissenting opinion.

HILL, Justice, dissenting.

[¶ 10] I respectfully dissent because this case involves a special proceeding that is

---

1. *Compare FML v. TW,* 2007 WY 73, ¶¶ 5–7, 157 P.3d 455, 458–59 (Wyo.2007), where we found that an order changing child custody was an appealable order because it affected a substantial right in a special proceeding. The cases are distinguishable because, here, the fundamental parent-child relationship was not altered by the order.

2. The parties claim that another case was filed (though they cannot agree who filed it) concerning the issues of child support and visitation. We have no evidence of such a case in the record. In any event, the filing of a new matter does not change the fact that those issues are outstanding in this case, though it may present issues of collateral estoppel and res judicata for one proceeding or the other.

governed by procedures set out in Wyo. Stat. Ann. §§ 14–2–309 through 14–2–319 (Lexis-Nexis 2007). It virtually goes without mention that substantial rights are always at stake in cases such as these, and strict adherence to the governing statutes is mandatory. We review such cases applying strict scrutiny. E.g., *In re CS*, 2006 WY 130, ¶¶ 7–8, 143 P.3d 918, 921–22 (Wyo.2006). I make mention that it is a special proceeding to ensure that the Court recognizes it as such, although that does not play a role in my conclusion that we must address the issues raised by this appeal, on their merits. In passing, I deem it important as well to note that the Wyoming Rules of Appellate Procedure merely breathe life into, and give procedural form to, the jurisdiction of this Court. W.R.A.P. 1.04(a) is just one of those rules, but it is not a source of our jurisdiction. See Wyo. Const. art. 5, § 2. I also want to briefly note that the majority opinion is not a *de novo* review, inasmuch as the Court purports to be determining its jurisdiction in the first instance, and the mention of that standard seems mistaken in these circumstances.

[¶ 11] I would hold that the district court's order is an appealable order. The governing statutes give the district court only two alternative resolutions to such cases. The first possible resolution is this:

§ 14–2–315. **Order terminating the parent-child legal relationship; contents.**

The order terminating the parent-child legal relationship shall be in writing and shall contain the findings of the court. If the court terminates the parent-child legal relationship of either one (1) or both parents, it shall fix the responsibility for the child's support and appoint a guardian of the child's person or estate or both.

Wyo. Stat. Ann. § 14–2–315 (LexisNexis 2007).

[¶ 12] The second option is this:

§ 14–2–316. **Dismissal of petition; continuation of hearing.**

**If the court does not terminate the parent-child legal relationship, it shall dismiss the petition** or direct an authorized agency to continue to make efforts to rehabilitate the parent and continue the hearing for no longer than six (6) months. The authorized agency shall provide the court with any additional reports regarding its rehabilitative efforts and results. Pending final hearing, the court may continue the present placement of the child or place the child in the temporary custody of an authorized agency and fix responsibility for temporary child support. [Emphasis added.]

Wyo. Stat. Ann. § 14–2–316 (LexisNexis 2007).

[¶ 13] The district court chose an option that was not available to it. However, it is abundantly clear that the district court intended ***not*** to terminate Father's parental rights. I would construe the order issued by the district court accordingly and find that the order had the effect of dismissing the petition. Therefore, the district court had no jurisdiction to consider any other issues (such as support or visitation) and if it had done so, we would have no jurisdiction to consider them here. The district court did not have the authority to put this family "on hold" while other extraneous matters, which can readily be resolved under the banner of other available proceedings, are resolved. The denial of the petition to terminate parental rights is a dismissal of the action and that order is an appealable order under W.R.A.P. 1.05(a). W.R.C.P. 54(b) does not apply to these circumstances.

[¶ 14] For these reasons, it is necessary for this Court to resolve this matter on its merits. The difficulty with this appeal results from the seeming inattention of the parties, and of both courts, to the special requirements set out in the statutes that provide for the termination of parental rights. We have recently re-emphasized our view that the procedures for termination of parental rights are mandatory, and failure to abide by them is fundamental error requiring reversal. *LM v. Laramie County Department of Family Services*, 2007 WY 189, ¶ 6, 171 P.3d 1077, 1080 (Wyo.2007) (citing *In re FM*, 2007 WY 128, ¶¶ 25–26, 163 P.3d 844, 850–51 (Wyo.2007)). In LM, we held that the failure of the district court to either appoint a guardian ad litem (GAL), or to

make a finding on the record that the interests of the child are adequately represented by the petitioner or another party to the action, and are not adverse to that party, is reversible error. See § 14–2–312. Although it was not accomplished in as timely a manner as it should have been, the appointment of a GAL was directly raised before the district court at the hearing on the petition. The district court's resolution of that matter in this instance is not ideal. Of course, in cases that are decided post *LM* and *FM*, we anticipate that the matter will be addressed in a timely and in a clear manner. I conclude that the district court's attention to the matter of a GAL is clear enough to allow this Court to resolve the issue brought here in this appeal. The record is also clear that a decision not to appoint a GAL here was neither clearly erroneous nor an abuse of discretion. Moreover, the record is clear that the district court did not err in denying the petition for termination of Father's parental rights. Finality of judgments can be no more important in any civil or special proceeding than it is in one such as this, and I think that it is a mistake for the Court to further prolong the uncertainties that still face Child, Father, and Mother by dismissing this appeal.