# IN THE SUPREME COURT, STATE OF WYOMING

## 2023 WY 23

### OCTOBER TERM, A.D. 2022

### March 15, 2023

IN THE MATTER OF THE
TERMINATION OF PARENTAL
RIGHTS TO:  LCB, minor child,

SHEENA MARIE GIPSON,

Appellant
(Respondent),

v.                                                                  S-22-0212

STATE OF WYOMING, ex rel.
DEPARTMENT OF FAMILY SERVICES,

Appellee
(Petitioner).

*Appeal from the District Court of Sweetwater County*
*The Honorable Suzannah G. Robinson, Judge*

***Representing Appellant:***
 Robert Piper* and Erik Oblasser, Corthell and King Law Office, P.C., Laramie, Wyoming.

***Representing Appellee:***
 Bridget Hill, Wyoming Attorney General; Christina F. McCabe, Senior Assistant Attorney General.

***Office of the Guardian ad Litem:***
 Joseph R. Belcher, Director; Kimberly Skoutary Johnson, Chief Trial and Appellate Counsel.

***Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.***

* An Order Allowing Withdrawal of Counsel was entered on December 20, 2022.

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    The Department of Family Services (DFS) brought an action to terminate the parental rights of Sheena Marie Gipson (Mother) to her son.  After failing to make a timely demand for a jury trial pursuant to W.R.C.P. 38 (Rule 38), Mother requested that the district court exercise its discretion and grant a jury trial pursuant to W.R.C.P. 39(b) (Rule 39).  The district court denied her request.  Following a bench trial, Mother's parental rights were terminated.  Mother appeals the district court's decision denying her motion for a jury trial arguing that it was an abuse of discretion.  We affirm.

## *ISSUES*

[¶2]    The issues are:

1.    Was the district court's denial of Mother's motion for a jury trial an appealable order?

2.    Did the district court abuse its discretion when it denied Mother's motion for a jury trial under Rule 39?

## *FACTS*

[¶3]    Mother gave birth to LCB in March 2019.  Immediately following his birth, LCB tested positive for amphetamine, methamphetamine, and THC.[1]  Mother tested positive for methamphetamine and THC.  Shortly thereafter, LCB was placed into protective custody and a guardian *ad litem* (GAL) was appointed.

[¶4]    In December 2020, DFS filed a petition to terminate parental rights.  In January 2021, Mother filed a pro se answer and requested counsel.  On April 12, 2021, Mother's Affidavit of Indigency and Request for Court Appointed Counsel and an order appointing counsel were filed.  Two days later, the district court held a scheduling conference, where Mother and her counsel appeared.  Mother did not request a jury trial at the scheduling conference and a bench trial was set for November 2021.

[¶5]    On June 9, 2021, Mother filed a Motion for Leave to File Jury Demand pursuant to Rule 39.  In her motion, Mother acknowledges that she did not file a timely jury demand pursuant to Rule 38.  The motion explains that Mother was not represented when she filed her answer in January, she remained unrepresented until April, after the time to request a jury under Rule 38 had lapsed, and she did not knowingly waive her right to a jury trial.

---

[1] Tetrahydrocannabinol is the major psychoactive component in marijuana and is commonly referred to as THC.  Terence Ng & Vikas Gupta, *Tetrahydrocannabinol (THC)*, National Library of Medicine, https://www.ncbi.nlm.nih.gov/books/NBK563174/ (last visited Mar. 8, 2023).

The motion also recites that Mother and her counsel had discussed the possibility of requesting a jury trial on May 4, 2021, and Mother had decided against making a jury demand at that time. On June 7, 2021, Mother determined that she did want a jury trial. The district court held a hearing on Mother's Rule 39 Motion for Leave to File Jury Demand and a few weeks later denied her motion in an oral ruling.

[¶6]    In the ruling, the district court recognized that, while Mother failed to meet the time requirements of Rule 38, the court had the discretionary authority to grant Mother's motion for a jury trial under Rule 39. The district court found that if a jury trial were granted, there would be a significant delay in bringing the matter to trial due to the COVID-19 protocols and such delay would prejudice the State of Wyoming and DFS. The court also considered Mother's argument that she was not represented when she filed her answer. It identified two opportunities where Mother could have requested a jury trial after she was appointed counsel. The first was the April 14, 2021 scheduling conference. The second, and according to the district court, more significant opportunity was on May 4, when Mother discussed this issue with her counsel and rejected the idea of a jury trial. The district court found that Mother "essentially changed her mind" by waiting until June 9 to request a jury trial and that a change of mind "is not a good enough reason for the [c]ourt to grant a jury trial." The district court entered an order denying Mother's motion for jury trial on October 5, 2021.

[¶7]    The district court held a bench trial in November 2021, and in January 2022, the judge entered an order terminating Mother's parental rights.[2] Mother appealed. Mother's only issue on appeal is her claim that the denial of her request for a jury trial was an abuse of discretion.

## DISCUSSION

### I.    *The order denying Mother's Rule 39 motion was not a final appealable order.*

[¶8]    As a preliminary matter, the GAL argues that Mother's appeal of the denial of her Rule 39 motion is untimely. "The timely filing of a notice of appeal is mandatory and jurisdictional." *Golden v. Guion*, 2016 WY 54, ¶ 11, 375 P.3d 719, 722 (Wyo. 2016) (citing W.R.A.P. 1.03). W.R.A.P. 2.01(a) provides that an appeal must be filed within thirty days from the entry of an appealable order. The district court entered its order denying the Rule 39 motion on October 5, 2021. Mother's appeals only that order, and she did not file her notice of appeal until January 28, 2022. The GAL's argument turns on whether the order denying a jury trial was an appealable order.

[¶9]    We review jurisdictional matters de novo. *Golden*, ¶ 11, 375 P.3d at 722. The GAL relies on the definition of an "appealable order" as "[a]n order affecting a substantial right

---

[2] Father's parental rights were terminated by default judgment. He did not appeal.

made in a special proceeding[.]" W.R.A.P. 1.05(b). "[S]pecial proceedings are those which were not actions in law or suits in equity under common law and which may be commenced by motion or petition upon notice for the purpose of obtaining relief of a special or distinct type." *In re Est. of Hibsman*, 2012 WY 139, ¶ 15, 287 P.3d 757, 760–61 (Wyo. 2012) (citations omitted). There is no question that the termination of parental rights is a special proceeding. *Id.* ¶ 17, 287 P.3d at 761.[3]

[¶10]   The more rigorous limitation of Rule 1.05 is the requirement that the order affect a "substantial right." Denial of a Rule 39 motion for a jury trial in parental-termination actions does not deprive that party of an opportunity to defend in the courts. *Matter of GP*, 679 P.2d 976, 988 (Wyo. 1984). "[T]he right to a jury trial in a parental-termination action cannot be characterized as fundamental." *Id.* Neither the federal nor the state constitutions secure the right to a jury trial in a termination of parental rights proceeding. *Id.* The right to a jury trial in these actions is, instead, provided by statute in conjunction with the Wyoming Rules of Civil Procedure. Wyo. Stat. Ann. § 14-2-312.[4] The district court's order denying a jury trial pursuant to Rule 39 did not affect Mother's parental rights or deprive her of due process and cannot be construed to have affected a substantial right.   It affects only her statutory and waivable right to a jury trial. *See In re KRA*, 2004 WY 18, ¶ 10, 85 P.3d 432, 436 (Wyo. 2004). The order denying a jury trial pursuant to Rule 39 is not an appealable order and is "reviewable in an appeal from a final, appealable order." *In Int. of FP*, 2021 WY 77, ¶ 17, 488 P.3d 943, 947–48 (Wyo. 2021) ("appeal from a final judgment supports review of all earlier interlocutory orders" (citing *State Farm Mut. Auto. Ins. Co. v. Shrader*, 882 P.2d 813, 820 (Wyo. 1994) (quoting 16A Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3949.4, at 72 (3d ed. 1999)))). Mother filed a timely appeal.

---

[3] "A petition to terminate parental rights must be brought pursuant to Wyoming's Termination of Parental Rights Act, which is found at Wyo. Stat. Ann. §§ 14-2-308 *et seq.* (LexisNexis 2007)." *In re MN*, 2007 WY 189, ¶ 3, 171 P.3d 1077, 1079 (Wyo. 2007). Actions to terminate parental rights are special proceedings, as such actions were not known at common law. *See Int. of RR*, 2021 WY 85, ¶ 64, 492 P.3d 246, 263 (Wyo. 2021) (proceedings seeking changes in permanency plans are special proceedings); *FML v. TW*, 2007 WY 73, ¶ 6, 157 P.3d 455, 459 (Wyo. 2007) (special proceedings are distinguished from other civil actions by the manner of pleading, practice, and procedure prescribed by law); *Cook v. Swires*, 2009 WY 21, ¶ 11, 202 P.3d 397, 400 (Wyo. 2009) ("a petition for injunctive relief invokes a 'special proceeding'"); *Inman v. Williams*, 2008 WY 81, ¶ 10, 187 P.3d 868, 874 (Wyo. 2008) ("a hearing on one parent's motion to modify custody and show cause in which the other parent appeared and defended was a special proceeding under W.R.A.P. 1.05(b)"); *Badley v. City of Sheridan*, 440 P.2d 516, 518 (Wyo. 1968) (contempt proceedings are special proceedings); *Riffle v. Sioux City & Rock Springs Coal Mining Co.*, 20 Wyo. 442, 124 P. 508, 510 (1912) (the appointment of a receiver is a special proceeding).

[4] Wyo. Stat. Ann. § 14-2-312 provides: "The Wyoming Rules of Civil Procedure, including the right of a parent, child or interested person to demand a jury trial, are applicable in actions brought under this act." Wyo. Stat. Ann. § 14-2-312 (LexisNexis 2021).

***II.    The district court did not abuse its discretion in denying Mother's request for a jury trial.***

[¶11]    Mother concedes she failed to timely demand a jury trial under Rule 38, which provides that the failure to request a trial by jury within fourteen days after the service of the last pleading directed to such issue constitutes a waiver of trial by jury.  Rule 39 provides another opportunity to obtain a trial by jury.  It states, "Issues on which a jury trial is not properly demanded are to be tried by the court.  But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."  W.R.C.P. 39.

[¶12]    Mother contends that the district court abused its discretion in denying her Rule 39 motion for a jury trial.[5]

[¶13]    We conduct our review for an abuse of discretion.  "In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did."  *Matter of Adoption of BGH*, 930 P.2d 371, 377–78 (Wyo. 1996) (emphasis omitted) (quoting *Matter of Adoption of GSD*, 716 P.2d 984, 988 (Wyo. 1986)).  "A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances."  *BGH*, 930 P.2d at 377 (quoting *GSD*, 716 P.2d at 988); *In Int. of SO*, 2016 WY 99, ¶ 11, 382 P.3d 51, 54 (Wyo. 2016); *see also Stroup v. Oedekoven*, 995 P.2d 125, 127 (Wyo. 1999).

[¶14]    Mother acknowledges our precedent holding the district court does not abuse its discretion by denying a request for a jury trial pursuant to Rule 39 when the only reason for the untimely request was that the party was unfamiliar with the requirements of Rule 38.  *Armstrong v. Pickett*, 865 P.2d 49, 50 (Wyo. 1993); *GP*, 679 P.2d at 985.  Mother submits that her case is distinguishable because she is not a pro se litigant who was advised of her right to a jury yet failed to assert such right.  She argues the district court failed to appoint counsel to represent her until after the Rule 38 fourteen-day time limit had expired and that this failure nullifies a knowing or voluntary waiver.  Mother had opportunities to make a Rule 39 motion after counsel was appointed.  She discussed the issue with her attorney and chose not to request a jury trial.  She later changed her mind.  Even if we accept Mother's argument that her situation is distinguishable from *Armstrong*, and she did not make a knowing or voluntary waiver because she was not advised of her right to a jury trial and did not receive court appointed counsel until after the Rule 38 fourteen-day time limit had lapsed, we cannot ignore her decision not to make a jury demand after discussing

---

[5] In her appellate brief, Mother states the district court's decision violates due process but fails to make any citation or further argument addressing due process.  "[W]e do not ordinarily consider issues which are not supported by proper citation of authority and cogent argument."  *Matter of TJH*, 2021 WY 56, ¶ 32, 485 P.3d 408, 418 (Wyo. 2021).  In any event, as discussed *supra* ¶ 10, denying Mother a jury trial did not deny Mother a right to be heard and did not deprive Mother of due process.

4

it with her counsel on May 4, 2021. *See supra* ¶ 5. Mother made a voluntary and knowing waiver.

[¶15]  Mother also argues that when fundamental rights are affected, the court should change its approach to Rule 39 jury demands.

[¶16]  Mother points us to *Green Constr. Co. v. Kansas Power & Light Co.*, where the Tenth Circuit Court said, even when a jury request is not made pursuant to Rule 38, "a jury trial should be granted [under Rule 39] in the absence of 'strong and compelling reasons to the contrary.'" *Green Constr. Co. v. Kansas Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993) (quoting *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965)).[6]  Since 1993 when *Green* was decided, we have directly addressed Rule 39 requests for jury trials on two occasions.  *See Stroup*, 995 P.2d at 128–29; *Armstrong*, 865 P.2d at 50 (When unfamiliarity with Rule 38 requirements is the only reason for the untimely request, denial is not an abuse of discretion.).  In *Stroup*, we held the appellant did not establish the district court abused its discretion when it denied her Rule 39 motion for jury trial because she failed to bring a complete record to us on appeal.  *Stroup*, 995 P.2d at 129. We noted that "the 'Federal courts have been extremely reluctant to use their discretionary power under Rule 39(b), often pointing out that discretion should be exercised only under an extraordinary showing.'"  *Id.* (quoting *Patterson v. Maher*, 450 P.2d 1005, 1008 n.2 (Wyo. 1969)).  We decline Mother's invitation to change our approach to Rule 39 jury demands in a termination of parental rights proceeding.  We continue to hold that the failure to meet the requirements of Rule 38 constitutes a waiver whether that failure is "inadvertent or intentional."  *Patterson*, 450 P.2d at 1008 (citations omitted).  And when a Rule 38 waiver occurs and a Rule 39 motion is denied, it is the appellant's burden to establish the denial was an abuse of discretion.  *Stroup*, 995 P.2d at 129.

[¶17]  Here, the record demonstrates that Mother's delay in requesting a jury trial was not "mere inadvertence," but a conscious decision made after consultation with counsel.  It is apparent that the district court's denial was based on careful consideration leading to "a sound judgment exercised with regard to what is right under the circumstances."  *Stroup*, 995 P.2d at 128 (quoting *Vaughn v. State*, 962 P.2d 149, 161 (Wyo. 1998)).

[¶18]  Affirmed.

---

[6] In *Nissan Motor Corp. v. Burciaga*, decided a year before *Green*, the 10th Circuit also acknowledged the 1965 language quoted in *Green*, but held that, consistent with granting a jury trial absent strong and compelling reasons to the contrary, "it would not be an abuse of discretion to deny relief pursuant to Rule 39(b) when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party." *Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992).