In the Matter of the ESTATE of Samuel D. BLANEY, Deceased.

Walter FERRITER, Appellant (Plaintiff),

v.

The ESTATE of Samuel D. BLANEY, and Ralph Blaney, Administrator with Will Annexed, Appellees (Defendants).

No. 5203.

Supreme Court of Wyoming.

Feb. 29, 1980.

Michael D. Zwickl of Wass, Willoughby, Zwickl & Chapman, Casper, signed the brief and appeared in oral argument for appellant.

John P. Ilsley, Sheridan, submitted the brief for appellees.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

Appellant-plaintiff appeals from an order of the district court dismissing his replevin action against appellee-defendant, the administrator of the estate of Samuel D. Blaney. We reverse and remand.

The replevin action had for its purpose the obtaining of possession of certain guns and accessories (hereinafter referred to as guns). The possession of the guns was transferred to appellant by Samuel D. Blaney on or about Father's Day in the summer of 1975. The guns were delivered as a surprise to appellant, and he considered the transfer as a gift. Samuel D. Blaney died May 2, 1978. A holographic will dated May 24, 1976 was admitted to probate. It contained the following language:

"Walt and Mary Ferriter have a bill of sale for what I have given them."

On appellee's petition the probate court issued an order to appellant to show cause why the guns should not be delivered to appellee, the administrator of the estate. After a hearing [1], the probate court ordered the guns to be so delivered, and such was done. Then on November 15, 1978, appellant filed a creditor's claim for the guns in the estate. The notice to creditors was first published August 14, 1978. Pursuant to §§ 2–6–201 and 2–6–203, W.S.1977, creditor's claims were therefore required to be filed on or before three months after August 14, 1978, or on or before November 15, 1978. On December 11, 1978, appellant's claim was rejected: (1) as res judicata, (2) because appellant had no bill of sale for the guns, (3) because they were not listed in appellant's divorce settlement with his wife, and (4) because it was not timely filed. The

1. The only evidence presented by appellee at the hearing was the verified petition for an order to show cause. Appellant's evidence included testimony that Samuel D. Blaney and appellant were close friends, and that Samuel D. Blaney spent every holiday (including the one on which possession of the guns was transferred to appellant) in appellant's home for the past five years. There was testimony from a third party that Samuel D. Blaney said he had given the guns to appellant. Appellant testified that he did not have a bill of sale. Appellant's former wife testified that she was divorced from appellant on July 12, 1978, that they divided their personal property, that the guns were not specifically covered but that "Walter and I have no animosity towards each other and it was understood that he would take the things that belonged to him at a time when it was convenient for him."

record does not reflect notification to appellant of such rejection as is required by law. Appellant instituted this replevin action on June 11, 1979.

In dismissing the replevin action, the district court found:

" * * * [T]he Plaintiff did not file his Creditors Claim in the Probate Court within the statutory limitation after the * * * Notice to Creditors had been published, and further finds that civil action was not started by the Plaintiff after the Defendants rejected the Creditors Claim in Probate Proceedings * * *, within the statutory limitation, and further finds that the said probate proceeding has been closed and the assets distributed to the devisee as indicated * * *, and without any objection from the Plaintiff herein."

Appellant words the issue presented by his appeal as follows:

" * * * [W]hether the proper action for the recovery of property believed to be wrongfully taken by an Administrator of an estate is a creditor's claim filed in the estate or an action in replevin separate from the probate proceedings."

Implied therein is the question of the relative jurisdictions of the probate court and the district court. To dispose of the issue and its related question, we address three items: (1) jurisdiction of the probate court to determine the contest over title and right to the guns; (2) alleged late filings by appellant of creditor's claim and replevin action; and (3) effect of the closing of the estate on the replevin action.

## JURISDICTION OF PROBATE COURT TO DETERMINE CONTEST OVER GUNS

■ The controlling rule is stated in 1 Bancroft's Probate Practice 2d ed., § 27, pp. 70–71 (1950):

" * * * It is thoroughly established that in probate proceedings title to property as between the estate, the heirs or

devisees, and a third person [2] may not be tried. Thus a superior court, sitting in probate, has no jurisdiction or authority to determine disputed titles to the property of the estate of a deceased person. The rule extends to disputes as to the ownership of personalty as well as to title to realty. * * * "

Part of the rationale for the concept of separate courts under the same judicial hat was set forth in *Church v. Quiner*, 31 Wyo. 222, 227, 224 P. 1073, 1074 (1924):

" * * * Where, as in Wyoming, the same court that has jurisdiction in probate has also general jurisdiction, the separation of its powers exercised in probate from those exercised in actions at law or in equity might at first seem the result of a merely technical rule of no practical importance; but when it is borne in mind that the court in probate having jurisdiction of the estate can for many purposes acquire jurisdiction of the persons interested in the estate without any actual notice to them, the substantial nature of the distinction, as well as the importance of maintaining it in practice, becomes clear. We deem it unnecessary to refer to other reasons for confining the probate jurisdiction to 'matters of probate,' as defined by law."

See *In re Stringer's Estate*, 80 Wyo. 426, 345 P.2d 786 (1959).

We recently quoted from *Church v. Quiner*, supra, in the *Matter of Estate of Frederick*, Wyo., 599 P.2d 550, 555 (1979), to indicate that decisions and proceedings made by, or conducted in, probate courts on matters wherein there is an absence of jurisdiction are legally void and of no effect:

" 'While in this state the district court is the court of general jurisdiction, and the same court has by the Constitution (section 10, art. 5) jurisdiction "of all matters of probate," yet, in the exercise of its probate powers, its jurisdiction is limited and special, and when its acts in probate

2. The rule is not applicable where third persons are not involved, e. g., administrator claiming in his own right. *Wayman v. Alanko*, Wyo.,

351 P.2d 100 (1960); *Security-First Nat. Bank of Los Angeles v. King*, 46 Wyo. 59, 23 P.2d 851 (1933).

are without the limits of the special jurisdiction conferred, they have no binding effect "even upon those who have invoked its authority." *In re Black's Estate*, 30 Wyo. 55, 216 P. 1059, 1063. * * *.' "

■ Accordingly, the orders of the probate court for appellant to show cause and to deliver the guns to appellee were beyond its jurisdiction and were void and of no effect. A void judgment is not res judicata. *Stroock v. Kirby Royalties, Inc.*, Wyo., 494 P.2d 197 (1972); 50 C.J.S. Judgments § 617 (1947).

To obtain proper possession of the guns, appellee, as administrator, could have brought *his* replevin action in the district court.

" * * * Since, by statute [3] in most of the states, and likewise under the common-law rule, the executor or administrator has complete control of the personalty and is charged with the duty of reducing it to possession for purposes of administration, no extensive citation of authority is needed to demonstrate the existence of a right in him to maintain such actions as replevin or claim and delivery. * * * " 2 Bancroft's Probate Practice 2d ed. § 484, p. 612 (1950). See *Windle v. Flinn*, 196 Or. 654, 251 P.2d 136 (1952).

If appellee had instituted such replevin action, appellant could have availed himself of the bonding procedure which is customary in replevin actions. Such was not possible under the orders here issued by the probate court. Further, appellant would have had the benefit of allegations in a complaint from which he could delineate specific issues through an answer containing admissions, denials and special defenses. For example, he could contend therein that a completed gift of the guns had been made to him; that any gift would be conditional

until after probate of donor's will if the donor could void the gift by a simple statement in his will that the donee had a bill of sale (which the donee could not produce); or that the wording of the will, "Walt and Mary Ferriter have a bill of sale for what *I have given them* " (emphasis supplied), confirms (1) the fact that it was a gift, and (2) the fact that they *have* a bill of sale, whether or not they produce it.[4] These specific issues would then be formulated and presented to the trial court in a manner not possible under the orders made by the probate court in this case.

■ Inasmuch as the guns were taken by appellee under a void order of the probate court, an action of replevin was available for appellant to secure a determination of his right to possess them. The situation is similar to that involving other seizures of property under court direction.

"Replevin will not ordinarily lie for goods in the custody of the law, *unless the process by virtue of which the property was seized is void.*" (Emphasis supplied.) 77 C.J.S. Replevin § 25, p. 22 (1952).

### ALLEGED LATE FILINGS

■ Although appellant's choice of remedy was proper, it must, nonetheless, have been timely instituted. The trial court indicated that it dismissed this action because the action was not preceded by a timely claim against the estate and because it was not filed within the period authorized for such after rejection of such claim. Inasmuch as the claim was filed on November 15, 1978, which was exactly three months *after* August 14, 1978, the claim was timely filed.

"Even in the absence of specific statutory provision, the overwhelming weight of

---

3. Section 2–5–602, W.S.1977, authorizes actions "by and against executors and administrators" for "the recovery of any property, real or personal, or for the possession thereof" in "all cases in which the same might have been maintained by or against their respective testators or intestates."

4. "The general rule is that a completed gift inter vivos is irrevocable by the donor, his heirs, or his personal representatives, and *is not revoked by the property being mentioned in a will.* * * * " (Emphasis supplied.) 38 Am.Jur.2d Gifts § 80, p. 882 (1968).

authority supports the general rule that in the computation of time prescribed by a statute. of limitations, the first day or the day upon which the cause of action accrued is to be excluded." Annot., 20 A.L.R.2d 1249, 1250 (1951).

"(a) * * * In computing any period of time prescribed or allowed by these rules, * * * *or by any applicable statute*, the day of the act, event, or default from which the designated period of time begins to run shall not be included. * * " (Emphasis supplied.) Rule 6(a), W.R.C.P.

 Action on a rejected claim must be instituted within three months after the executor or administrator mails the notice of rejection by registered mail in accordance with the provisions of § 2–6–205, W.S. 1977. The record does not reflect that such notice was mailed. It would seem, therefore, that the filings by appellant may not have been late. In any event, such filings are not material to the propriety of the dismissal of the replevin action filed by appellant. Such dismissal would have been proper *only* if the action was for a claim against Samuel D. Blaney which existed at the time of his death. The controversy over the guns did not occur until after his death. It was, therefore, not a "claim" within the meaning of §§ 2–6–201, et seq., W.S.1977.[5] These sections concern "creditors *of the decedent*" and "claims *against decedent.*" Section 2–6–201.

" * * * To constitute a claim against the estate of a deceased person, an obligation must consist of a debt incurred by or for the decedent during his lifetime or such a debt as the administrator is authorized by statute to pay out of the decedent's estate. * * * " 3 Bancroft's Probate Practice, 2d ed. § 772, p. 512 (1950).

" * * * But while replevin also lies against an executor or administrator, it lies against him only in his individual capacity, his liability for wrongful possession of personalty being purely personal. Likewise, replevin does not lie without proof that possession was taken by the representative." 2 Bancroft's Probate Practice, 2d ed. § 484, pp. 612–613 (1950). " 'The law did not require Patterson to present any claim against the estate of Sanford to his administrator. He asked nothing against the estate. He was merely claiming his own property. The failure to present such claim was no defense to this action.' " *Atlas Realty Co. v. Rowray*, 51 Wyo. 318, 335, 65 P.2d 1122, 1127 (1937).

The statutory provisions relative to the time for filing of claims and to the time for instituting action after rejection of claims not being applicable to appellant's replevin action, it should not have been dismissed for reason of late filings.

## EFFECT OF CLOSING OF ESTATE

The district court referred in its findings to the fact that appellant made no objection to the closing of the estate and distribution of assets and it indicated that such closing and distribution was an additional reason for dismissing appellant's replevin action.

 Although a decree of distribution is final and conclusive as to who acquired title to property of decedent, it is subject to any outstanding title in third persons.

" * * * While a decree of distribution is conclusive as to the rights of heirs, legatees, or devisees, insofar as they claim in such capacities, it does not determine that the deceased had any title to property distributed; nor does it bind third persons who claim an interest adverse to that of the intestate or testator. It merely determines the succession or testamentary disposition of such title as the decedent may have had. * * * " *Shelton v. Vance*, 106 Cal.App.2d 194, 234

---

5. Sections 2–6–201, et seq., W.S.1977, set forth the requirements for filing, allowing, rejecting and paying claims against a decedent, including the time limitations upon which appellant's replevin action was dismissed.

P.2d 1012, 1014 (1951). See also *Romagnolo v. Romagnolo*, 230 Cal.App.2d 315, 40 Cal.Rptr. 807, 811 (1964)

 Appellant's replevin action was filed June 11, 1979. The decree of distribution was entered July 16, 1979. The judgment dismissing the replevin action was entered September 10, 1979. Thus, the replevin action was pending at the time the estate was closed. It cannot be said that appellant was not objecting to the distribution of the guns.

The dismissal of the complaint is reversed and the matter is remanded for further proceedings in accordance with this opinion.