# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 101

### OCTOBER TERM, A.D. 2016

### October 20, 2016

IN THE MATTER OF THE ESTATE OF
WALKER P. INMAN, JR. REVOCABLE
TRUST (made irrevocable by death of
Trustor) dated January 25, 2005:

DARALEE INMAN, as Personal
Representative for the Estate of Walker P.
Inman, Jr., deceased; and DARALEE
INMAN and BRETT ARMSTRONG, as
Trustees of the Walker P. Inman, Jr.
Revocable Trust dated January 25, 2005,

Appellants
(Defendants),

v.

WALKER PATTERSON INMAN, III and
GEORGIA NOEL INMAN, by and
through their Conservator, WYOMING
TRUST COMPANY,

Appellees
(Plaintiffs).

S-16-0056

*Appeal from the District Court of Lincoln County*
*The Honorable Joseph B. Bluemel, Judge*

*Representing Appellants:*
> Michael D. Allen and James K. Sanderson of Sanderson Law Office, Afton, Wyoming; Mario M. Rampulla of Prehoda, Leonard & Edwards, LLC, Laramie, Wyoming. Argument by Messrs. Allen and Rampulla.

*Representing Appellees:*
> Judith Studer of Schwartz, Bon, Walker & Studer, LLC, Casper, Wyoming; Jacob R. Davis of Grimmer & Associates, PC, Lehi, Utah.  Argument by Ms. Studer.

*Before HILL, DAVIS, and FOX, JJ, and Waldrip and Campbell, DJJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]    Daralee Inman appeals an order of the district court that interprets a trust provision and holds that the Wyoming Probate Code governs the transfer of property to the trust, but makes no final determination of either of the two consolidated matters. We lack jurisdiction to decide Daralee Inman's appeal because the order is not a final appealable order, and we therefore dismiss.

*ISSUE*

[¶2]    Does this Court have jurisdiction to consider Daralee Inman's appeal, or must we dismiss because the district court's order is not a final appealable order?

*FACTS*

[¶3]    Walker P. Inman, Jr. executed an inter vivos trust (Trust) and his Last Will and Testament (Will). Under the terms of the Will, any property or assets in Mr. Inman's estate at his death were to be transferred to the Trust and distributed according to the provisions therein. If the Trust was not in effect at the time of Mr. Inman's death, the provisions of the Will were to control the distributions of his assets. The Will contained a testamentary trust with nearly identical terms as those in the Trust. The beneficiaries under both the Trust and the Will are Daralee Inman (Daralee), Mr. Inman's wife, and his two minor children from a previous marriage.

[¶4]    Mr. Inman died in late February 2010,[1] and Daralee promptly petitioned the district court for probate of Mr. Inman's estate. The district court issued Letters Testamentary to Daralee and appointed her as Personal Representative of the estate. Daralee was also one of three Co-Trustees of the Trust.[2]

[¶5]    Two years after the probate was opened, Wyoming Trust Company (WTC) filed a Voluntary Petition for Appointment of Wyoming Trust Company as the Conservator of the Minor Children in the probate action. WTC argued that the minor children's interests, as beneficiaries of the Trust, were not properly being represented in the probate and it was necessary for WTC to become Conservator to "protect their interests and preserve their rights under the Trust, as well as the Estate." The district court granted WTC's petition.

---

[1] The record inconsistently states the date of death for Mr. Inman as either February 24, 2010, or February 25, 2010.

[2] Brett Armstrong (a/k/a Bret Hansen) and John Bowers were the two additional Trustees. Mr. Armstrong is currently acting as a Co-Trustee and Mr. Bowers resigned as Trustee in February 2012.

[¶6]   WTC, as Conservator for the minor children, filed a separate Complaint for Declaratory Relief and Damages, Together with Petition to Remove Trustees, alleging six causes of action: breach of fiduciary duty, failure to account, petition for removal of trustee, indemnity, declaratory judgment for enforcement of trust, and declaratory judgment as to costs and attorney fees.  The Trustees filed an answer generally denying all allegations.

[¶7]   Over the next two years the cases proceeded simultaneously, with multiple filings in both matters.  At a June 23, 2015 hearing, the district court orally ordered the cases consolidated and required the parties to brief two issues: what Article IV, ¶ 4.1 of the Trust meant, and what *In Re Estate of George*, 2011 WY 157, 265 P.3d 222 (Wyo. 2011) meant and how it would affect the proceedings.  The objective was that a determination of the two issues would resolve some of the outstanding motions and allow the cases to move forward.

[¶8]   After the parties briefed the two matters, the district court issued its Declaratory Decision & Order on Interpretation & Application of Trust Article IV, ¶ 4.1 & Application of the Wyoming Probate Code, holding that the Wyoming Probate Code governs the Will and the transfer of property to the Trust, and that Article IV, ¶ 4.1 of the Trust grants the minor children the ability to select from and receive possession of any of Mr. Inman's tangible personal property that was or will be transferred to the Trust.  It left unresolved all six causes of action WTC raised in its complaint, and made no final determinations regarding the probate estate.  This appeal followed.

## *DISCUSSION*

### *Does this Court have jurisdiction to consider Daralee Inman's appeal, or must we dismiss because the district court's order is not a final appealable order?*

[¶9]   Daralee presents various issues on appeal.  However, this Court must first be satisfied it has jurisdiction to entertain the appeal.  The existence of jurisdiction is a question of law and our review is *de novo.  Brown v. City of Casper*, 2011 WY 35, ¶ 8, 248 P.3d 1136, 1139 (Wyo. 2011). This Court's jurisdiction is limited to appeals from final appealable orders. *McLean v. Hyland Enterprises, Inc.*, 2001 WY 111, ¶¶ 19-20, 34 P.3d 1262, 1268 (Wyo. 2001) (holding that this Court has no jurisdiction to entertain an appeal from non-final order).

[¶10] An appealable order is "[a]n order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment[.]"  W.R.A.P. 1.05(a).  This Court has consistently held that an appealable order has "three necessary characteristics. . . .   It must affect a substantial right, determine the merits of the controversy, and resolve all outstanding issues."  *Waldron v. Waldron*, 2015 WY 64, ¶ 14, 349 P.3d 974, 977 (Wyo. 2015) (quoting *Estate of Dahlke ex rel. Jubie v. Dahlke*,

2

2014 WY 29, ¶ 31, 319 P.3d 116, 124 (Wyo. 2014)).  The district court limited its findings to the two preliminary issues briefed by the parties.  It did not determine the merits of the controversy, resolve any of the claims WTC raised in its complaint, or make any final determinations in the probate matter.

[¶11]  In a probate matter "there can be two final appealable orders, one which determines the parties to whom the estate is to be distributed and how much they will receive, and another which determines that the personal representative has properly completed the decreed distribution and administration of the estate." *Estate of Dahlke ex rel. Jubie v. Dahlke*, 2014 WY 29, ¶ 41, 319 P.3d 116, 126 (Wyo. 2014); *see also In re Estate of Novakovich*, 2004 WY 158, ¶ 19, 101 P.3d 931, 936 (Wyo. 2004) (holding that a final decree of distribution and an order closing the estate are the final orders from a probate proceeding and are therefore entitled to the same weight as a final judgment in any other civil proceeding).  The appealed order did two things: it interpreted a provision of the Trust, and it held that the Wyoming Probate Code governs transfer of the estate property to the Trust.  It did not grant Daralee's Final Report and Accounting and Petition for Final Decree; it did not determine the share of the estate the heirs are entitled to receive; nor did it discharge the Personal Representative and close the estate.  The order fails to meet the requirements of W.R.A.P. 1.05(a) and is therefore not a final appealable order.

[¶12]  Daralee argues that the order she seeks to appeal is a declaratory judgment under the Uniform Declaratory Judgments Act (Act), Wyo. Stat. Ann. §§ 1-37-101 through 1-37-115, and is therefore not subject to the W.R.A.P. 1.05(a) final appealable order rule.  Daralee cites the following provision of the Act:

> Courts of record within their respective jurisdictions may declare rights, status and other legal relations whether or not further relief is or could be claimed.  No proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for.  The declaration may be either affirmative or negative in form and effect, and such declarations shall have the effect of a final judgment.

Wyo. Stat. Ann. § 1-37-102 (LexisNexis 2015).

[¶13]  There are two problems with Daralee's argument.  First, assuming the order could be considered a declaratory judgment under the Act, it would not be exempt from the final appealable order requirements of W.R.A.P. 1.05.  *See* Wyo. Stat. Ann. § 1-37-109 (LexisNexis 2015) ("Final orders and judgments entered in declaratory judgment proceedings may be reviewed as in other civil actions."); *King v. Bd. of Cty. Comm'rs of Cty. of Fremont*, 2010 WY 154, ¶ 10, 244 P.3d 473, 476 (Wyo. 2010) (applying the "appealable order" requirements of W.R.A.P. 1.05 to a declaratory judgment action).  A

"declaratory judgment action is not proper where it will not terminate the controversy." *Rocky Mountain Oil & Gas Ass'n v. State*, 645 P.2d 1163, 1168 (Wyo. 1982); *see also Vanderpool v. Fid. & Cas. Ins. Co.*, 908 S.W.2d 653, 654 (Ark. 1995) ("The Declaratory Judgment Act states that 'declarations shall have the force and effect of a final judgment or decree.' However, they are not appealable unless they end the controversy or a severable part of it. If some relief remains to be granted, or a significant factual issue remains pending below, then the order is not final.") (internal citations omitted)).

[¶14] Second, none of the claims of the consolidated cases were brought under the Act. There is no reference to the Act in the pleadings and neither party has attempted to amend the pleadings under W.R.C.P. 15. Although the district court used the word "Declaratory" in the title of the order, the clear purpose of the order was to advise the parties on two preliminary matters, not to create a declaratory judgment where none existed. *See Stone v. Stone*, 842 P.2d 545, 548 (Wyo. 1992) ("Instead of emphasizing the name given to an action below, we should concentrate on the effect the order has on the parties' rights.").

[¶15] Because there is no final appealable order, this Court lacks jurisdiction to decide the appeal. Accordingly, it is dismissed.