# IN THE SUPREME COURT, STATE OF WYOMING

# 2020 WY 118

### APRIL TERM, A.D. 2020

### September 10, 2020

CLINTON RAY WOODS,

Appellant
(Defendant),

v.

S-19-0279

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Steven K. Sharpe, Judge*

*Representing Appellant:*
Clinton Ray Woods, pro se.

*Representing Appellee:*
Bridget Hill, Wyoming Attorney General; Jenny L. Craig, Deputy Attorney General; Joshua C. Eames, Senior Assistant Attorney General.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**GRAY, Justice.**

[¶1]    Clinton Ray Woods was convicted of three counts of Sexual Abuse of a Minor in the Second Degree, in violation of Wyo. Stat. Ann. § 6-2-315(a)(i), and one count of Sexual Abuse of a Minor in the Third Degree, in violation of Wyo. Stat. Ann. § 6-2-316(a)(i). *See Woods v. State*, 2017 WY 111, ¶ 1, 401 P.3d 962, 965 (Wyo. 2017).[1]

[¶2]    Mr. Woods filed a pro se "Petition for Exoneration Based on Factual Innocence" under Wyo. Stat. Ann. §§ 7-12-401 through -407.[2]    The district court dismissed the petition without prejudice.  It found Mr. Woods was "merely relitigating facts, issues or evidence presented in previous proceedings or presenting issues that appear frivolous or speculative on their face . . ." in contravention of Wyo. Stat. Ann. § 7-12-404(b).  It also found Mr. Woods did not produce any "newly discovered evidence."

[¶3]    Mr. Woods appeals the district court's order of dismissal.  After examining the briefs, appellate record, and controlling law, this Court unanimously agreed to an abbreviated opinion affirming the district court's order pursuant to W.R.A.P. 9.06.[3]  *See Hardman v. State*, 2018 WY 24, ¶ 2, 413 P.3d 116, 117 (Wyo. 2018).

[¶4]    Mr. Woods raises a number of issues on appeal; however, the threshold question is whether he has properly invoked this Court's jurisdiction.  We conclude he did not.  "The existence of jurisdiction is a question of law" which we review de novo. *Matter of Estate of Inman*, 2016 WY 101, ¶ 9, 382 P.3d 67, 69 (Wyo. 2016) (citing *Brown v. City of Casper*, 2011 WY 35, ¶ 8, 248 P.3d 1136, 1139 (Wyo. 2011)).

[¶5]    We recently held that "the dismissal of a Factual Innocence Act petition without prejudice following an initial determination of statutory noncompliance is not a final judgment which can be appealed." *Uden v. State*, 2020 WY 109, ¶ 16, 470 P.3d 560, 563–64 (Wyo. 2020); *see also* W.R.A.P. 1.05 (defining an appealable order).  In *Uden*,

---

[1] Mr. Woods appealed his conviction and this Court affirmed. *Woods*, 401 P.3d 962.  He then filed a petition for post-conviction relief, which the district court denied.  Mr. Woods petitioned this Court to review the district court's denial of the post-conviction relief petition, and we declined to review that decision.

[2] "The legislature passed the Factual Innocence Act in 2018 to allow a person convicted of a felony offense to petition the court for exoneration if the person can establish that he is factually innocent of the convicted crime(s)." *Parkhurst v. State*, 2019 WY 63, ¶ 10, 443 P.3d 834, 836–37 (Wyo. 2019).

[3]                        (a) The supreme court by unanimous vote may, sua sponte, enter an
                           abbreviated opinion affirming or reversing the judgment or order of the
                           district court for the reason that it is clear that affirmance or reversal is
                           required because:
                               (1) the issues are clearly controlled by settled Wyoming law or
                               federal law binding upon the states[.]
W.R.A.P. 9.06(a)(1).

1

the district court conducted an initial review of Mr. Uden's Factual Innocence Act petition under Wyo. Stat. Ann. §§ 7-12-403(b), (c) and 404(b), found it failed to comply with the statute, and dismissed the petition. We held that the dismissal was without prejudice and that therefore this Court lacked jurisdiction over Mr. Uden's appeal. *Uden*, ¶¶ 13–16, 470 P.3d at 562–64.

[¶6] Our decision in *Uden* controls here. The district court performed an initial review of Mr. Woods's petition and determined it was statutorily noncompliant before dismissing it without prejudice. "Our jurisdiction 'is limited to appeals from final appealable orders.'" *Uden*, ¶ 13, 470 P.3d at 562 (quoting *Painter v. McGill ex. rel. Wyo. Bd. of Med.*, 2019 WY 108, ¶ 10, 450 P.3d 1243, 1245 (Wyo. 2019) (quoting *Inman*, ¶ 9, 382 P.3d at 69)).

> An "appealable order" is "[a]n order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment[.]" W.R.A.P. 1.05(a); *see also Escobedo v. State*, 601 P.2d 1028, 1029 (Wyo. 1979); *In re Est. of Hibsman*, 2012 WY 139, ¶ 17, 287 P.3d 757, 761 (Wyo. 2012) ("The more rigorous requirement of W.R.A.P. 1.05 . . . is that the order affects a 'substantial right.'"); *Inman v. Williams*, 2008 WY 81, ¶¶ 11, 17–18, 187 P.3d 868, 875, 876 (Wyo. 2008) (concluding the trial court's order was not appealable because it did not affect a substantial right). "To be final, the order must determine all liabilities of all parties and leave nothing for future consideration." *Est. of McLean ex rel. Hall v. Benson*, 2003 WY 78, ¶ 8, 71 P.3d 750, 753 (Wyo. 2003); *see also Lower v. Peabody Powder River Services, LLC*, 2020 WY 33, ¶¶ 11–12, 459 P.3d 443, 446–47 (Wyo. 2020) (the order "must affect a substantial right, determine the merits of the controversy, and resolve all outstanding issues"); *Painter*, ¶ 10, 450 P.3d at 1246 (same).

*Uden*, ¶ 14, 470 P.3d at 563.

[¶7] The dismissal of Mr. Woods's Factual Innocence Act petition following initial review under Wyo. Stat. Ann. § 7-12-404(b) is not a final appealable order. We lack jurisdiction over his appeal. W.R.A.P. 1.05; *Uden*, ¶¶ 16, 18, 470 P.3d at 563–64.[4]

---

[4] As we noted in *Uden*, if Mr. Woods "could credibly document the existence of newly discovered evidence that establishes a bona fide issue of his factual innocence, he would be free to file a petition that satisfied all the Act's requirements. Anything short of that, however, would again be subject to dismissal following the court's initial review." *Uden*, ¶ 17, 470 P.3d at 564. Further, "a petitioner who can support a claim that the district court erred by dismissing his petition following initial review under Wyo. Stat.

[¶8]   Dismissed.

Ann. §§ 7-12-403(b), (c) and 404(b) may apply to this Court for a writ of review within 15 days after entry of the dismissal order. *See* W.R.A.P. 13.02." *Uden*, ¶ 16, 470 P.3d at 564 n.4.