# IN THE SUPREME COURT, STATE OF WYOMING

## 2021 WY 87

APRIL TERM, A.D. 2021

August 2, 2021

IN THE MATTER OF THE ESTATE OF
DEIDRA MICHAYLE WALKER
ROWE, deceased:

TONY ROWE, Personal Representative of
the Estate of Darren Todd Rowe,

Appellant
(Respondent),

v.                                                                S-20-0269

MELVIN LEE WALKER, Administrator
of the Estate of Deidra Michayle Walker
Rowe,

Appellee
(Petitioner).

*Appeal from the District Court of Natrona County*
*The Honorable Kerri M. Johnson, Judge*

*Representing Appellant:*

*Stuart R. Day and Alia T. Scott, Williams, Porter, Day & Neville, P.C., Casper, Wyoming; Douglas R. McLaughlin, Law Office of Douglas R. McLaughlin, Casper, Wyoming. Argument by Ms. Scott.*

*Representing Appellee:*

*Robert Hand, Jr., Hand & Hand, Casper, Wyoming. Argument by Mr. Hand.*

*Before FOX, C.J., and DAVIS\*, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

*\* Chief Justice at time of oral argument.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Chief Justice.**

[¶1]     Darren Todd Rowe shot his wife, Deidra Michayle Walker Rowe.  Then he shot himself.  They owned two vehicles as joint tenants with right of survivorship, which, absent exceptional circumstances, would have gone to Darren upon the death of Deidra.  Believing that exceptional circumstances existed, Deidra's administrator petitioned the probate court for authority to sell the two vehicles.  Darren's estate intervened and objected.  The probate court determined Deidra and Darren became tenants in common under the circumstances of her death and authorized the sale.  Darren's estate appeals, and we dismiss the appeal because there is no appealable order.

## *ISSUE*

[¶2]     Both parties raise jurisdictional challenges to this appeal.  We find one issue dispositive:

> Is the probate court's ruling on a petition to sell property an appealable order?

## *FACTS*

[¶3]     Darren Todd Rowe killed his wife, Deidra Michayle Walker Rowe, and then killed himself.  The probate court appointed Melvin Lee Walker, Deidra's father, administrator of her estate, and appointed Tony Lyn Rowe (Mr. Rowe),[1] Darren's father, administrator of his estate.  Mr. Walker also filed a wrongful death action in the district court against Darren's estate.  The couple owned several vehicles and Deidra's estate obtained possession of two of them, a 2014 Subaru Forester, and a 2010 Polaris MVP Ranger, both held as joint tenants with right of survivorship.  Deidra's estate petitioned the probate court pursuant to Wyo. Stat. Ann. § 2-7-614 for permission to sell them.

[¶4]     Mr. Walker served Darren's estate with notice of his petition to sell the vehicles.  Mr. Rowe, as administrator of Darren's estate, objected to the sales and moved to intervene.  The district court held a hearing in which it granted Mr. Rowe's motion to intervene and then heard the parties' arguments.  Mr. Walker stated his concern the vehicles were depreciating in value and explained that he planned to deposit the proceeds into an estate account pending distribution.  He argued that equitable principles, Wyoming's felonious death statute,[2] and public policy precluded Darren's estate from

---

[1] We refer to the decedents by their first names and Darren's father as Mr. Rowe.
[2] "No person who feloniously takes or causes or procures another to take the life of another shall: (i) Inherit from or take by devise or legacy from the deceased person any portion of his estate[.]"  Wyo. Stat. Ann. § 2-14-101(a)(i) (LexisNexis 2019).  In 2021, the legislature amended Wyo. Stat. Ann. § 2-14-101(a) to add a new subsection after the above language.  Now, "No person who feloniously takes or

1

receiving the proceeds. Mr. Rowe countered that the property became Darren's by operation of law because property held in joint tenancy with right of survivorship automatically passes to the surviving spouse. He did not dispute the circumstances of Deidra's death, but argued the consequences of Darren's actions would be best addressed in the wrongful death case. Mr. Rowe also argued that the probate court lacked jurisdiction to decide title disputes between an estate and a third party.

[¶5] The probate court determined that "based on the principles of equity and the intent of the 'slayer statute,'" Darren's intentional, felonious killing of Deidra "severed the joint tenancy by right of survivorship . . . thereby creating a tenancy in common which is subject to the jurisdiction of the probate court." The court authorized the sales, but required Deidra's estate to hold one-half of the proceeds for the benefit of Darren's estate, to be distributed at a later date. Mr. Rowe appealed. The vehicles were sold.

## DISCUSSION

[¶6] Deidra's estate argues this Court lacks jurisdiction over the appeal because the Order Granting Authorization to Sell Specific Personal Property is not a final appealable order. Darren's estate contends the probate court lacked jurisdiction "to determine issues of title disputes between an estate and a third party." We agree the order appealed from is not final or appealable, and we address additional issues to provide guidance to the parties and the court. *Inman v. Williams*, 2009 WY 51, ¶ 6, 205 P.3d 185, 189 (Wyo. 2009).

### I. The Probate Court's Order Granting Permission to Sell the Property Is Not Appealable

[¶7] The Supreme Court's jurisdiction is generally limited to appeals from final orders. *Matter of Est. of Inman*, 2016 WY 101, ¶ 9, 382 P.3d 67, 69 (Wyo. 2016). W.R.A.P. 1.05(a) provides that an appealable order is "An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment." An appealable order must not only affect a substantial right, it must "determine the merits of the controversy, and resolve all outstanding issues." *Inman*, 2016 WY 101, ¶ 10, 382 P.3d at 69 (quoting *Waldron v. Waldron*, 2015 WY 64, ¶ 14, 349 P.3d 974, 977 (Wyo. 2015), *overruled on other grounds by Essex Holding, LLC v. Basic Properties, Inc.*, 2018 WY 111, 427 P.3d 708 (Wyo. 2018)). "In a probate matter 'there can be two final appealable orders, one which determines the parties to whom the estate is to be

---

causes or procures another to take the life of another shall: . . . (ii) Inherit, receive or otherwise take any property held with the deceased person in a joint tenancy with rights of survivorship, tenancy by the entirety or any other form of co-ownership with rights of survivorship[.]" 2021 Wyo. Sess. Laws ch. 117, § 1.

distributed and how much they will receive, and another which determines that the personal representative has properly completed the decreed distribution and administration of the estate.'" *Inman*, 2016 WY 101, ¶ 11, 382 P.3d at 69 (quoting *Est. of Dahlke ex rel. Jubie v. Dahlke*, 2014 WY 29, ¶ 41, 319 P.3d 116, 126 (Wyo. 2014)). The order granting Mr. Walker's petition to sell the vehicles is neither of these and is not appealable. The record indicates there are, or will be, other property disputes between the two estates. At oral argument, Mr. Rowe's counsel informed the Court that there remains other property in the estate to be disposed of, some of which was also held as joint tenants with right of survivorship, and therefore a ruling from this Court would be helpful to the parties going forward. "[W]e do not furnish advisory opinions." *Spear v. Nicholson*, 882 P.2d 1237, 1242 (Wyo. 1994) (citations omitted).

[¶8]   W.R.A.P. 1.05 also allows appeals of non-final orders in certain circumstances. "[W]hat was intended by the [1992] amendment of that rule was that we would no longer look at just whether an order was 'final.' Rather the limitation on our review would be directed to whether an order was 'appealable' as defined by Rule 1.05." *FML v. TW*, 2007 WY 73, ¶ 5, 157 P.3d 455, 458 (Wyo. 2007). Mr. Rowe contends this Court has jurisdiction under W.R.A.P. 1.05(b), which provides that "[a]n order affecting a substantial right made in a special proceeding" is appealable. "'Special proceedings' is a term used to distinguish litigation that is not governed by the general regime of pleadings." It is "distinguished from other civil actions by the manner of pleading, practice and procedure prescribed by law." *In re Est. of Hibsman*, 2012 WY 139, ¶ 16, 287 P.3d 757, 761 (Wyo. 2012) (citations omitted). As we discuss below, this proceeding was certainly outside the general regime of pleadings and qualifies as a special proceeding. Darren's estate contends the probate order affects substantial rights because it determined the estate "did not have title to property that was held in joint tenancy with the rights of survivorship." We have found a "substantial right" existed in cases affecting the fundamental right "to associate with one's immediate family," *FML*, 2007 WY 73, ¶ 6, 157 P.3d at 459; proceedings in juvenile court that had the effect of halting family reunification efforts, *Matter of AM-LR*, 2018 WY 76, ¶ 9, 421 P.3d 551, 554 (Wyo. 2018); decisions on whether the Indian Child Welfare Act applies in child welfare cases, *In re SNK*, 2003 WY 141, ¶ 11, 78 P.3d 1032, 1036 (Wyo. 2003) ("Congress, when enacting ICWA, expressly found that there is no resource that is more vital to the existence and integrity of Indian tribes than their children."); and the Attorney General's authority to issue an investigative subpoena in a consumer protection investigation, *WyoLaw, LLC v. Off. of Att'y Gen., Consumer Prot. Unit*, 2021 WY 61, ¶ 1, 486 P.3d 964, 967 (Wyo. 2021).

[¶9]   In contrast, in *Hibsman*, we held a court order finding a former personal representative had "concealed, embezzled, conveyed away and/or disposed of monies and other property of the estate and entered an order finding prima facie evidence of the right of the estate's Personal Representative to recover an amount 'not less than $137,566.46'" did not affect a substantial right. 2012 WY 139, ¶¶ 11, 17, 287 P.3d 757, 760, 761 (Wyo.

2012).  The rights affected by the probate court's order in this case are more like the rights at issue in *Hibsman* than the rights we considered "substantial" in the cases above, particularly in light of the fact the used vehicles have been sold and the proceeds remain in Deidra's estate for final disposition.

## II.  The Probate Court Has Coextensive Jurisdiction with the District Court

[¶10] Mr. Rowe argues the probate court lacked jurisdiction to issue the order on Mr. Walker's petition to sell, relying primarily on pre-1985 decisions of this Court.  *See Matter of Kokesh's Est.*, 664 P.2d 127, 129 (Wyo. 1983) (it is unquestioned that in Wyoming a probate court is without jurisdiction to adjudicate title to property); *Matter of Harrington's Est.*, 648 P.2d 556, 559 (Wyo. 1982) (same); *Wayman v. Alanko*, 351 P.2d 100, 104 (Wyo. 1960) ("It is the general rule that the superior court while sitting in probate is without power to decide a disputed claim between an estate and a stranger thereto.").  But those cases pre-date the 1985 statutory amendment that "provide[s] ancillary jurisdiction in the probate court 'co-extensive with the jurisdiction over subject matter of the district court in any civil action.'"  *Matter of Est. of Fulmer*, 761 P.2d 658, 661 (Wyo. 1988); 1985 Wyo. Sess. Laws ch. 17, § 1.  *See also* John A. Warnick, *The Ungrateful Living: An Estate Planner's Nightmare - The Trial Attorney's Dream*, 24 Land & Water L. Rev. 401, 419 (1989) ("In Wyoming, there has been a longstanding controversy over what jurisdiction the probate court has.  However, recent amendments make it clear the probate court now has jurisdiction to consider" related claims.).

[¶11]  Wyoming Statute § 2-2-101 now provides, in relevant part:

> The jurisdiction over subject matter of the district court sitting in probate, sometimes referred to in this Title 2 as the "probate court", ***is coextensive with the jurisdiction over subject matter of the district court in any civil action*. . . . *As to all other parties, an action may be brought*** and maintained at any time prior to the entry of final decree of distribution under W.S. 2-7-813, by or against the personal representative ***in the district court, sitting in probate, seeking any legal or equitable remedy as to any interest in property, real or personal, in which the estate asserts or claims any interest***.  In addition, all causes cognizable in the district court in any civil action may be brought and maintained, at any time prior to the entry of final decree of distribution under W.S. 2-7-813, by or against a personal representative in the district court sitting in probate which granted the letters to the personal representative.

4

Wyo. Stat. Ann. § 2-2-101 (LexisNexis 2019) (emphasis added). The statute provides probate courts greater flexibility to settle matters related to, and necessary for, the disposition of an estate. *Spear*, 882 P.2d at 1240-41. Mr. Rowe cites *Spear v. Nicholson* in support of his argument. *Spear*, however, recognized that Wyo. Stat. Ann. § 2-2-101 was amended in 1985 "to enhance the jurisdiction of the district court sitting in probate." *Id.* at 1240. It only held that the amendment did not "vest **exclusive** jurisdiction in the probate court." *Id.* at 1241 (emphasis added).

[¶12] The defect in this case is not that the probate court lacked jurisdiction to decide this type of dispute; it is that no action was brought by either party seeking resolution of their dispute over the property.

### III.  Title to Disputed Property Must Be Determined in an Action Separate From the Probate of an Estate

[¶13] The parties dispute ownership of the vehicles and other property.[3] Mr. Walker petitioned to sell the vehicles in the possession of Deidra's estate pursuant to Wyo. Stat. Ann. § 2-7-614. But Wyo. Stat. Ann. § 2-7-612 (LexisNexis 2019) defines the property that may be sold: "(a) Any real or personal property **belonging to the decedent** . . . ." (Emphasis added.)

> The mere fact that an executor claims that property is a part of decedent's estate, and includes it in his inventory of such estate, does not make it so in fact. The appellant alleges this property to be his own, and therefore it is not any part of the property of the estate . . . . To say that property, by being mentioned in the inventory of a decedent's estate, taken possession of by his executor, and claimed as part thereof by him, is thereby conclusively presumed to be a part of such estate until the same is settled by an executor or administrator, would be productive of serious mischief, and we will not place such a construction upon this section of the probate law.

*Atlas Realty Co. v. Rowray*, 51 Wyo. 318, 65 P.2d 1122, 1127 (1937) (quoting *Lamme v. Dodson*, 4 Mont. 560, 2 P. 298, 300-01 (1883)). Deidra's estate skipped a critical step when it petitioned to sell property whose ownership was disputed. That dispute could not be resolved within the estate administration, regardless of whether Darren's estate was given notice and appeared to contest the sale.

---

[3] Mr. Walker's petition for letters of administration in Deidra's estate lists the vehicles at issue here and several others.

[¶14]   The personal representative of an estate is charged with marshalling the decedent's assets "and paying out of them any debts and other claims against the estate.  It also involves the division and distribution of what remains."  *Matter of Est. of Britain*, 2018 WY 101, ¶ 24, 425 P.3d 978, 986 (Wyo. 2018) (quoting Black's Law Dictionary (10th ed. 2014)).  Related matters such as will contests must be brought in a separate proceeding.  In *Matter of Estate of Meeker*, 2017 WY 75, ¶ 16, 397 P.3d 183, 188 (Wyo. 2017), we explained that "[a]lthough the probate and will contest are necessarily related, they are separate proceedings."  *Id.* (citing *Russell v. Sullivan*, 2012 WY 20, ¶ 14, 270 P.3d 677, 680 (Wyo. 2012)).

[¶15]   Similarly, when title to property is contested, the matter must be resolved in a separate proceeding.  Wyo. Stat. Ann. § 2-2-101 authorizes **an action** by or against the personal representative.  Wyo. Stat. Ann. § 2-7-104 (LexisNexis 2019) provides:

> **Actions** for the recovery of any property, real or personal, or for the possession thereof, or for the destruction, wasting, conversion, injury, taking or carrying away thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all **actions** founded upon contract, may be maintained by and against the personal representative in all cases in which the **action** might have been maintained by or against their respective testators or intestates.

(Emphasis added.)

[¶16]   "An 'action' generally is defined as a judicial proceeding in which one asserts a right or seeks redress for a wrong."  1 Am. Jur. 2d *Actions* § 4, Westlaw (database updated May 2021).  "There can be no doubt that the 'action' . . . means an ordinary proceeding in a court of justice, involving process, pleadings and ending in a judgment."  *Roberts v. Roberts*, 62 Wyo. 77, 89, 162 P.2d 117, 120 (1945).  "A civil action is commenced by filing a complaint with the court."  W.R.C.P. 3.  After that, the Rules of Civil Procedure provide for the usual procedures of civil litigation, which were generally bypassed when the probate court resolved the dispute over property ownership by the expedient, but incorrect, order granting the petition of Deidra's estate to sell property pursuant to Wyo. Stat. Ann. § 2-7-614.

[¶17]   In *Matter of Blaney's Estate*, the Appellant claimed the deceased had gifted him some guns.  607 P.2d 354, 355 (Wyo. 1980).  The administrator petitioned the probate court for an order to show cause, and the court ordered Appellant to deliver the guns to the administrator.  *Id.*  Appellant filed a creditor's claim against the estate, which the estate rejected.  *Id.*  The Appellant then filed a replevin action.  *Id.* at 355-56.  The Court reversed on jurisdictional grounds (under pre-1985 statutory language), but we explained

that the estate administrator should have instituted a separate action, in which the Appellant "would have had the benefit of allegations in a complaint from which he could delineate specific issues through an answer containing admissions, denials and special defenses," and raised arguments specific to his claim of ownership of the guns. *Id.* at 357. "These specific issues would then be formulated and presented to the trial court in a manner not possible under the orders made by the probate court in this case." *Id.*

[¶18] The correct procedure here would have been for either party to file an action in which each party would be required to delineate the specific issues through a complaint, answer, and other pleadings provided for in the Wyoming Rules of Civil Procedure. Those issues would then be formulated and presented to the court in a manner not possible in the context of a petition to sell property and not permitted by the statutes governing probate administration.

## *CONCLUSION*

[¶19] We dismiss this matter because there is no appealable order. The probate court has coextensive jurisdiction with the district court, but the parties must comply with the procedural framework for bringing and resolving an action when they seek to settle property disputes.