FILED
United States Court of Appeals
Tenth Circuit

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**June 26, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RICHARD W. TANNER,

    Petitioner - Appellant,

v.

STATE OF WYOMING; WYOMING
ATTORNEY GENERAL,

    Respondents - Appellees.

No. 25-8007
(D.C. No. 2:25-CV-00001-ABJ)
(D. Wyo.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.
_____

Richard W. Tanner, a Wyoming state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal the district court's denial of his petition for

a COA and dismissal of his 28 U.S.C. § 2254 habeas petition. Tanner also moves to

proceed in forma pauperis ("IFP"). For the following reasons, we deny the COA, deny

the motion to proceed IFP, and dismiss this matter.

### I.

Tanner pleaded guilty to one count of sexual abuse of a minor in state court, for

which he received a sentence of six to ten years' imprisonment with credit for 224 days

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

served. While serving that sentence, Tanner filed a petition under the Wyoming Post-Conviction Determination of Factual Innocence Act (the "Factual Innocence Act"), Wyo. Stat. Ann. §§ 7-12-401 to 407. In that petition, he alleged that he only pleaded guilty because he was poorly advised by his trial counsel, and that he did not understand the effect of his guilty plea due to a brain injury. A Wyoming district court dismissed Tanner's petition without prejudice, finding that it presented frivolous and speculative issues and that it did not establish that Tanner was factually innocent as is required under the Act. Tanner appealed to the Wyoming Supreme Court, but the Wyoming Supreme Court dismissed the appeal for lack of jurisdiction, holding that, under Wyoming law, "a dismissal of a factual innocence petition without prejudice is not an appealable order." Order Dismissing Appeal, *Tanner v. State*, No. S-24-0250 (Wyo. Nov. 20, 2024); *see also* Order Denying Petition to Reinstate Appeal, *Tanner v. State*, No. S-24-0250 (Wyo. Dec. 11, 2024).

Tanner then filed a habeas petition under 28 U.S.C. § 2254, requesting a federal district court direct the Wyoming Supreme Court to reinstate his appeal. After considering Tanner's petition, the federal district court denied Tanner a COA, finding that Tanner's assertions that the Wyoming Supreme Court misapplied Wyoming law and his bare assertion that he was innocent were insufficient grounds on which to issue a COA. We agree with the district court and deny Tanner a COA.

## II.

We review a pro se litigant's filings liberally. *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). Prisoners held in state custody "in violation of the

Constitution or laws or treaties of the United States" may petition federal courts for habeas relief.  28 U.S.C. § 2254(a).  For this court to consider a § 2254 petition, we must first issue a COA.  *Id.* § 2253(c)(1).  Under 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  A petitioner "can make such a showing by demonstrating that the issues he seeks to raise on appeal are deserving of further proceedings, subject to a different resolution on appeal, or reasonably debatable among jurists of reason."  *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

## A.

Construing Tanner's petition liberally, we identify two main issues.  First, Tanner alleges that the Wyoming Supreme Court misapplied Wyoming law and, as a result, improperly dismissed his state law claim.  Second, he ostensibly asserts several constitutional violations but provides no factual support for those claims.

Tanner first asserts that the Wyoming Supreme Court misconstrued Wyoming's Factual Innocence Act to find that it lacked jurisdiction to hear his appeal.  In particular, Tanner contends that the Wyoming Supreme Court's decisions in *Woods v. State*, 471 P.3d 997 (Wyo. 2020), and *Uden v. State*, 470 P.3d 560 (Wyo. 2020), were "clearly against the [Factual Innocence Act statute]."  Pet. at 7.

But, as the Supreme Court has "repeatedly held[,] [ ] a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).  Thus, Tanner's allegation that the Wyoming Supreme Court misinterpreted state law is not a basis for habeas relief.  Holding otherwise would require

us to overturn a state supreme court's interpretation of its state's law. We are not at liberty to do so. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Second, Tanner asserts several ways in which the Wyoming court system violated his constitutional rights: its failure to provide proper counsel, its failure to consider his mental health issues, and its refusal to consider exculpatory evidence. However, Tanner provides no factual support for any of these claims. His bare assertion of these violations falls well short of the "substantial showing of the denial of a constitutional right" that the habeas statute requires. 28 U.S.C. § 2253(c). Given the dearth of factual allegations accompanying Tanner's claims, we have no basis to conclude that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**B.**

Tanner also seeks to proceed IFP. To do so, he must demonstrate "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quotation omitted). Finding no nonfrivolous argument in our review of the record, we deny Tanner's motion to proceed IFP.

## III.

Because Tanner has failed to make a substantial showing that he is in custody in violation of the Constitution or laws or treaties of the United States, we DENY the COA and DISMISS this matter.  We also DENY Tanner's motion to proceed IFP.

Entered for the Court


Allison H. Eid
Circuit Judge